GERMOND *against* GERMOND.

*It seems,* that in a bill for a divorce, for adultery, it is sufficient to charge that the offence was committed with one or more persons unknown to the plaintiff.

But where, on a feigned issue, directed by this Court to try the fact, the allegation on which the issue was taken was, " that the defendant had committed adultery with one *W. C. F.*, on or about the first day of *April,* 1816, in *Rensselaer* county," the evidence of the plaintiff must be confined to the specific charge put in issue ; and he cannot give evidence of adultery committed with any other person than the one named, although the charges in the bill are general, that the defendant had " committed adultery, at divers times, with *W. C. F.* and others, to the plaintiff unknown."

And where evidence was given, at the trial, of adultery committed by the defendant with other persons, besides *W. C. F.*, the verdict was set aside, and a new trial awarded, with leave to the plaintiff to amend the feigned issue.

MOTION for a new trial on the feigned issue which had been awarded in this case ; and that the issue be so amended, as to confine the trial to the charge of adultery committed with *W. C. F.*, and to the trial of that fact alone.

The bill charged, that the defendant, since her marriage with the plaintiff, had " committed adultery, at divers times, with *William C. F.*, and others, to the plaintiff unknown." And that on the first of *April,* 1816, at the

1822.

GERMOND
v.
GERMOND.

house of the plaintiff, in *Rensselaer* county, the defendant committed adultery with the said *W. C. F.* That in *May*, and *July*, 1817, the defendant, at the house of the plaintiff, committed adultery with *W. C. F.* That in *April*, 1818, the defendant abandoned the plaintiff, and went to the city of *New-York*, and resided in the family of *J. G.*, and there committed adultery " with divers persons, whose names the plaintiff has not been able to discover," &c.

The *answer* denied all the charges of adultery.

The counts on which the feigned issue was joined, were, (1.) That the defendant had committed adultery with *W. C. F.*, on or about the first of *April*, 1816, at the house of the plaintiff, in *Rensselaer* county.

(2.) That the defendant had committed adultery with *W. C. F.*, in *Rensselaer* county aforesaid, in *May*, or *July*, 1817.

(3.) That the defendant had committed adultery, between the first of *April*, 1818, and the first of *August*, 1819, at the city of *New-York*, " with certain persons whose names are not known."

It appeared, from the *postea*, that the issue was tried at the *Rensselaer* circuit, on the 12th of *July* last, before Mr. Justice *Yates*, and the verdict found that the defendant had committed adultery, as charged, with *W. C. F.*, and with other persons.

*Buel*, and *Van Vechten*, in support of the motion, read the defendant's affidavit, stating that she was taken by surprise, when evidence was given, at the trial, of adultery committed with other persons than *W. C. F.*, and denying that she had ever committed adultery with *B. D.* or *S. H.*, or with any other person. That *S. H.* has been dead for many years. That the testimony given by *T. F.* was false, &c.

Several affidavits were also read, as to the evidence given at the trial, and which was particularly stated.

They cited 2 *Johns. Ch. Rep.* 224. 1 *Wm. Bl. Rep.*
298. 2 *Vern.* 240. 1 *Ves.* jun. 133, 134. 2 *Atk.* 319.
321. 9 *Ves.* 165. 169. *Amb.* 210. 324. *Dickens' Rep.*
576. 2 *Madd. Ch.* 267. 2 *Ves.* sen. 552. 2 *Ves.* jun.
287, 288.

*Viclie*, contra. He cited 1 *Johns. Cases*, 25. 402. 2
*Ves.* jun. 288. 3 *Tyng's Mass. Rep.* 391.

THE CHANCELLOR. I see no good reason for disturb-
ing the verdict, for any other cause than that the testimony
was not warranted by the issue. The three counts in the
feigned issue were, that the defendant had committed adul-
tery, in *Rensselaer* county, with *William C. F.*, and
in the city of *New-York*, with certain persons, whose
names were unknown. But the evidence to sustain the
verdict was, that the defendant had committed adultery in
*Rensselaer* county, with another person, and not with *W. C.
F.*, and so far it may be said, that the defendant was taken
by surprise, because, she came to trial to defend herself
only against a special charge of adultery, committed with
*F. in that county.* This was the specific charge, upon the
feigned issue, as it was drawn, and I am inclined to think,
the testimony ought to have been confined to a connexion
with *F.*, in *Rensselaer* county, and that a latitude of in-
quiry, as to other persons, not named, ought to have been
confined to the city of *New-York*, because the feigned
issue so confined it.

The feigned issue was, undoubtedly, warranted by the
charges in the bill, and I entertain no doubt, that it is suf-
ficient in a bill for a divorce, for adultery, to charge the
offence as having been committed with one or more per-
sons unknown to the plaintiff; and it would be very unrea-
sonable, and lead, in many cases, to a lamentable failure
of justice, to require the injured party to name the persons
with whom the adultery was committed, when the fact

1822.

GERMOND
v.
GERMOND.

might be unquestionable, and yet the name of the party unknown. The case of *Choate* v. *Choate*, (3 *Tyng*, 391.) is perfectly in point. That was the case of a libel for a divorce, *a vinculo*, for adultery, and the Court only required an averment, that the names of the persons with whom the adultery was supposed to have been committed, and which were not mentioned in the libel, were unknown to the plaintiff. So, even, in an indictment for homicide, or other *felony*, if the name of the party murdered, or in respect to whom some other felony was committed, be unknown to the jurors, it may be so averred in the indictment, and the indictment will be good, from the manifest necessity of the case. (*Hawkins' Pl. of the Crown*, B. 2. c. 25. s. 71. *East's Pl. of the Crown*, tit. *Homicide*, c. 5. s. 114.) I think the feigned issue might have been framed, consistently with the charge in the bill, so as to have enabled the plaintiff to have given testimony of adultery committed in *Rensselaer* county, with other persons than the one specially named ; for the first charge in the bill is general, without reference to any particular county, and states, that the defendant " committed adultery at divers times with *W. C. F.*, and others, to your orator unknown." But the issue being framed differently, and in conformity with the more particular specifications in the bill, I think the plaintiff was bound, upon the trial, to confine himself to the specific charges in the issue, and to give testimony only as to them. If the issue had been more general, and without mentioning any particular individual, I am not prepared to say, that particular acts of adultery might not have been shown. The statute requires the adultery to be charged in the bill, but gives no directions as to any particular specification of the charge, and, undoubtedly, left that to the rules and practice of the Court in like cases.

In *Sidney* v. *Sidney*, (3 *P. Wms.* 269.) the wife sued the husband for a specific performance of marriage articles, and to have lands settled upon her for her jointure.

He, in his answer, set forth, that she had withdrawn herself from him, *and lived separately, and very much misbehaved herself.* Proof of a criminal conversation, with another man, had been given, but Lord *Talbot* held, that the crime for which the wife might have incurred a penalty, as the forfeiture of her dower, ought to be plainly laid to her charge, specified and put in issue, that she might know what to rest her defence upon. In that case, he said, the accusation was general and uncertain, and did not imply that she had been guilty of adultery, or eloped and gone away with an adulterer. Lord *Hardwicke,* afterwards, (2 *Atk.* 338.) cited this case, for the purpose of showing, that you must certainly make " a general charge of adultery," before you can go into proof of specific facts. He cited, also, the case of Lord and Lady *Donerail,* in 1735, in which she brought her bill for a separate maintenance, and the husband, in bar of the relief, stated, in his answer, that *she did not behave with that duty and affection as became a virtuous woman,* and gave proof of her adultery with one *B.* The depositions were admitted to be read in the Chancery, in *Ireland,* but, upon appeal to the House of Lords, they were not admitted. He said, a strong reason appeared upon the pleadings themselves, for the rejection of the depositions, and brought the case to that of *Sidney* v. *Sidney,* because there was no express charge of adultery in the answer.

In *Watkyns* v. *Watkyns,* (2 *Atk.* 96.) a bill was brought by the wife for maintenance, and the husband charged his wife, in the answer, *that she behaved in a very indecent manner with one Cox,* and this charge was adjudged sufficient to allow depositions to be read of a criminal conversation with *Cox,* and, also, with one *Daws ;* for it was not necessary, as the Lord Chancellor observed, to make the charge in gross terms, but it was sufficient to know what is aimed at by the answer. In *Clarke* v. *Periam,* (2 *Atk.* 333. 337.) Lord *Hardwicke* went more fully into the exposition

of the rule of pleading on this subject.   It was a bill to establish a bond, given to secure an annuity to the plaintiff, as *præmium pudicitiæ*, and the defendant filed a cross bill, insisting, that the plaintiff *was a lewd woman, and a common prostitute*, and the question was, whether the plaintiff, in the cross bill, upon that general charge, was entitled to give proof of lewdness with a particular person.   The Chancellor thought it a question of great consequence to the rules and practice of the Court, and took time to examine the authorities, and concluded, that under such a general charge, you might give particular evidence, which was pointed, and applied to the general charge.   All the cases were reviewed, and he stated the uniform sense of the determinations to be, that it was sufficient to put in issue a general charge of lewdness, and under that you might give particular evidence ; for " if you was to allege in the bill, that the woman was kept by particular gentlemen, or had criminal conversation with particular persons, the character of strangers might suffer, and bills would be stuffed with indecent matter and private scandal."   Where the character is directly put in issue, you may go into evidence of particular facts ; and he illustrated it by the case of an indictment for keeping a common bawdy house, in which, though the charge be general, you may give in evidence particular facts.   So, also, in the cases of a charge of drunkenness or lunacy.

I have gone into this examination of analogous cases to show that probably the better opinion is, that a charge of adultery need not specify the names of the persons with whom it was committed ; and certainly it cannot, and need not be required, if the persons are unknown when the bill is filed.   But in this case, as the feigned issue specified a particular individual in the county of *R.*, and had no general charge as to that county, I conclude that the plaintiff should be confined to that specific charge.

I shall, accordingly, set aside the verdict, on account of

the admission of evidence not warranted by the issue as it stood, and shall award a new trial, and allow the plaintiff to amend the feigned issue as he shall be advised.

Order accordingly.