# HILLSBOROUGH,

## JANUARY TERM, A. D. 1850.

---

## ADAMS v. ADAMS.

In a libel for divorce, proof of adultery at a different place from the one alleged, is insufficient; but the libel may be amended so as to meet the proof in this particular.

A charge of adultery with a person or persons unknown to the libellant, is sufficient to admit evidence of the act with any person identified in the evidence.

There must be evidence sufficient to warrant a decree at the time of filing the libel; but where adultery is the basis of the suit, the libel may be amended so as to charge acts committed at any time before the decree.

LIBEL FOR DIVORCE, filed August 26, 1847, alleging adultery with Orville M. Cooper, in the month of December, 1845, and at divers other times before and since, and with divers other persons to the libellant unknown.

There was evidence of adultery with one Marble at Nashua, in the month of October, 1847, which the counsel for the libellee moved to suppress.

*Perley*, (with whom was *Farley*) for the libellee.

*J. U. Parker*, for the libellant.

GILCHRIST, C. J.  The libel alleges that in the month of December, 1845, and at divers other times, as well before as since that time, at Hollis, Mrs. A. committed adultery with Orville M. Cooper, and with divers other persons to the libellant unknown.

The adultery with Cooper is well enough alleged, but the evidence is insufficient. Cooper was very sick; had pulmonary complaint, of which he subsequently died, in January, 1847. He was extremely feeble. It was necessary to carry him in a chair out of his room. He had hemorrhage of the lungs. He required constant care, and his physicians directed that he should be kept quiet, and that company should be kept from him. Mrs. A. took care of him for a part of the time, and of course was in his room often, and late at night. Mrs. Hardy says that Barton said, when Mrs. A. asked him to go out once, that it was more proper for her to go out while Cooper's clothes were changed, than for him. But Barton denies this positively. Her attentions to him are perfectly reconcilable with her innocence, considering all the circumstances; and we are not called upon to believe that in his condition, and while her attentions were necessary, adultery was committed.

Another question arises as to the admissibility of the evidence of adultery with Marble, under the present allegations in the libel.

In this particular the allegation is that in the month of December, 1845, and at divers other times, as well before as since that time, at Hollis, she committed adultery with divers persons to the libellant unknown.

The libel was filed August 26, 1847. Hurlbut's testimony fixes the adultery with Marble in the month of October, 1847.

In *Church* v. *Church*, 3 Mass. 157, it was held, that an allegation that the respondent had within five years past committed adultery, was too loose. The *particeps criminis* must be named, or there must be an averment that he is unknown to the libellant. That averment is made here. In *Choate* v. *Choate*, 3 Mass. 391, it was held that, if the persons are unknown to the libellant, an averment to that effect is necessary. In *Adams* v. *Adams*, 16 Pick. 254, the

libel alleged adultery with persons unknown. Motion that it be quashed for uncertainty, or that the libellant be required to file a bill of particulars at a reasonable time before trial, and be confined on the hearing to the cases thus specified. Ordered that a bill of particulars be so filed. If a libel charges adultery on one day, it may be amended by charging it on another day. *Tourtelot* v. *Tourtelot*, 4 Mass. 306. The time is here made material. A libel alleging that the respondent committed adultery with a particular person, is not sustained by proof of adultery with any other person. *Washburn* v. *Washburn*, 5 N. H. 195. In *Germond* v. *Germond*, 6 Johns. Ch. 347, there is an examination of the authorities upon the question of the sufficiency of the allegation that the adultery was committed with persons unknown to the plaintiff. *Kent*, Ch., says that "probably the better opinion is that a charge of adultery need not specify the names of the persons with whom it was committed, and certainly it cannot and need not be required, if the persons are unknown when the bill is filed."

The allegation here is well enough, but the evidence proves adultery with Marble at Nashua, if at all, and not at Hollis. This is probably insufficient. Although Hurlbut swears directly to the fact, there is not evidence enough tending to prove adultery before the filing the libel, to warrant a decree. Until October there is nothing inconsistent with the presumption of innocence. Adultery afterwards in October would tend to show that the intercourse before was adulterous, but whether it has a sufficiently strong tendency is doubtful. All that Marble is shown to have done is sitting up late in the dining-room. He explains this by evidence that he was a member of the brass band, and had music to copy. The evidence about cording the bed does not amount to much. There must be evidence sufficient to warrant a decree at the filing the libel. Here it is insufficient. But the libel-

lant may have leave to amend the libel, so as to meet his proofs. In suits for adultery the party is not bound to the contents of his original libel, but it has been constantly held that fresh acts of adultery may be *pleaded supplementarily*, and that a sentence may be obtained on facts not existing at the commencement of the suit. Shelford on Marriage 399 ; *Middleton* v. *Middleton*, 2 Hag. Ec. R. 136. .

*Leave to amend granted.*