ELIZABETH T. CLAGUE *vs.* JOHN J. CLAGUE.

## July 1, 1891.

**Divorce—Cruelty—Condonation.**—Cruelty in the marriage relation may be the subject of condonation.

**Same—Condonation, when Implied.**—Condonation may be implied from a voluntary resumption of discontinued cohabitation.

**Same—Evidence.**—Evidence of renewal of conjugal intercourse *held* sufficient to justify an inference of condonation.

Appeal by plaintiff from an order of the district court for Hennepin county, *Hooker*, J., presiding, refusing a new trial after a trial by the court and judgment ordered for defendant.

*Davis & Farnam*, for appellant.

*J. M. Shaw* and *Hodgsdon & Schaller*, for respondent.

DICKINSON, J. This is an action for a divorce on the ground of cruelty. The decision of the court in favor of the defendant was

based upon the fact that, subsequent to the acts of cruelty which the evidence tended to establish, the plaintiff, after having been for about 10 months absent from the defendant, voluntarily resumed cohabitation with him, and thereby condoned the previous conduct complained of.    We are of the opinion that the case justified this conclusion, and it will not be necessary to here refer to the evidence relating to the defendant's former conduct, nor to the refusal of the court to receive certain evidence offered to show his misconduct.    It is well established that the doctrine of condonation is applicable not alone to adultery, but as well to cruelty in the marriage relation, (2 Bish. Mar. & Div. §§ 49, 50; *Gardner* v. *Gardner*, 2 Gray, 434; *Sullivan* v. *Sullivan*, 34 Ind. 368; *Phillips* v. *Phillips*, 27 Wis. 252, and cases cited;) and it may be implied from a voluntary resumption of discontinued cohabitation, although it is true, as a general proposition, that an inference of forgiveness is not to be so readily made against a wife as against a husband.    The circumstances under which the renewal of conjugal relations was effected are to be considered with discrimination, with the view of determining whether it was with her free consent, in which case an intention to overlook the past misconduct may be inferred, or whether, on the contrary, she was induced by deception, by considerations of supposed necessity, or by other influences which deprived her conduct of the essential quality of free consent.    Concerning the circumstances of this case, we will only state that after a separation of nearly a year it came about that the parties were occupying separate rooms at a hotel in Minneapolis, to which place the defendant came on business from a distant army post, he being an officer in the army of the United States, and that at length, by consent of the plaintiff, they resumed conjugal relations, and continued to occupy the same room for several days, until the defendant returned to his post.    They never afterwards lived together. No acts of cruelty followed this renewal of marital relations.    The evidence tended also to show that afterwards, the defendant having been ordered to a post in an eastern city, the plaintiff intended to go there and to reside with him.    During the prior separation of the parties the defendant had made provision for the plaintiff's support, and the court was justified in concluding that her resumption of

cohabitation was not induced by any actual or supposed necessity. While there was evidence on her part that it was under a promise to make a transfer of property to her, which promise he did not fully perform, that was controverted by him, he testifying that there was no other inducement than such as arose from their marriage relation. We see no reason to overrule the determination of the court as to the fact.

It is said that the defence of condonation was not pleaded by the defendant. It is enough, however, that, although not pleaded, it was tried as a contested fact without objection.

Order affirmed.