EDWARD F. WINTERBURG v. FRANCES M. WINTERBURG.

1. DIVORCE—*Extreme Cruelty.* In an action for divorce upon the grounds of extreme cruelty, the acts relied on to constitute such cruelty should be alleged in the petition with reasonable particularity.

2. PLEADING AND PROOF—*Variance.* Where they are so alleged, the admission in evidence of an entirely new state of facts from those disclosed in the petition, over the objection of the opposing party and without amendment, and the granting of a divorce for such new causes, is reversible error.

*Error from Barton District Court.*

ACTION by *Frances M. Winterburg* against *Edward F. Winterburg* for a divorce. March 26, 1890, plaintiff had

judgment, and defendant brings error. The opinion states the facts.

*Sturgis & Swartz,* for plaintiff in error:

The court erred in admitting evidence tending to prove acts of cruelty not set out in the petition. The plaintiff, in her petition, set out certain acts of cruelty, but on the trial attempted to prove others. The court overruled the objection of defendant to this evidence. The petition must contain a statement of the facts constituting the cause of action. *Prather v. Prather,* 26 Kas. 275; *Callen v. Callen,* 44 id. 370; *Coles v. Coles,* 32 N. J. Eq. 215; *Freerking v. Freerking,* 19 Iowa, 33; *Nogees v. Nogees,* 7 Tex. 385. The admission of this evidence was the more prejudicial because the court rested the decree of divorce on account of these acts of cruelty that were not pleaded.

The charge that the defendant sanctioned a request made by a third party that plaintiff prostitute herself is a preposterous one. If such an offense was ever committed, it was fully forgiven long before the separation. It appears that this offense was committed, if at all, before they went to housekeeping, and the court says that the trouble was amicably settled by an agreement to quit boarding and to go to housekeeping. This offense, fully condoned, is not sufficient to give plaintiff a divorce.

The other charge, of overindulgence in sexual intercourse, is not sufficient. If carried to such excess as to endanger the life or health of the complainant, this offense might constitute extreme cruelty, but the court says the plaintiff's evidence did not show any danger to life or health.

Extreme cruelty has been clearly defined by our courts, and the decisions are all to the effect that, in the absence of physical violence, the course of conduct must be such as would endanger the life or health of the party. *Carpenter v. Carpenter,* 30 Kas. 712; 18 id. 419; 32 N. J. Eq. 215.

The opinion of the court was delivered by

JOHNSTON, J.: Edward F. Winterburg asks a review of the proceedings which resulted in a judgment divorcing him from his wife, Frances M. Winterburg. He justly complains that the divorce was granted for reasons not stated in the petition, and of which he had no notice. She charged him with extreme cruelty toward her, and also with gross neglect of duty, but the court found against the latter charge, and held that he was guilty of extreme cruelty. The charge of cruelty alleged in the petition was, substantially, that he requested her to keep house in the manner which his mother did, and found fault with her if she did not. He insisted on bringing his mother to the house to instruct her in housekeeping, and, when she came, she insisted on moving the furniture from where it was placed to other parts of the house; and further, that the mother was disagreeable, and scolded the plaintiff below, charging her with being extravagant and wasteful. She insisted that the plaintiff below must have her dresses made after a pattern selected by the mother, and scolded her if she refused. It was further alleged, that Edward and his mother locked her up in a room because she would not live in the manner they desired; and, finally, that Edward drew a revolver upon her, and threatened to shoot her. Some of the facts relied on were trivial, and insufficient to constitute legal cruelty.

At the trial, testimony of the plaintiff below was admitted tending to prove that the mother requested her to prostitute herself. There was also proof admitted in her behalf that the husband abused his wife's person by an excess of sexual intercourse. The overindulgence was against her desire, but was not enforced, and there was no testimony tending to show that her health was thereby injured. This testimony was admitted over the specific objection of the defendant below, upon the ground that the petition contained no allegations justifying such testimony. The court found that the husband was guilty of extreme cruelty, not because of what was charged in the

petition, but "because of excess of cohabitation, and of his mother's request for her to prostitute herself." Upon this finding the judgment of the court rests.

There was no intimation in the petition of either of the offenses for which the divorce was granted. There was a general allegation that the husband was guilty of extreme cruelty; but a general allegation will not alone suffice. The material facts relied on to sustain the charges should be set out with reasonable particularity. The proof should have corresponded with the allegations. The introduction of new grounds of divorce, and of evidence to sustain the same, over the objection of the defendant, may have been prejudicial, and was certainly error. It was unjust to the defendant below to require him to meet charges of cruelty not mentioned in the petition, of which he had no notice, and for which he may have been entirely unprepared. Our code liberally provides for amendments to pleadings where the necessity of the case requires them; but, where this is done, the opposite party, who may be taken by surprise, and therefore unprepared, would, upon application, be entitled to a continuance. No application to amend was made, and, as we have seen, the testimony objected to discloses an entirely new state of facts from those alleged in the petition, and upon those facts the judgment of the court was given.

For this error the judgment will be reversed, and the cause remanded for another trial.

All the Justices concurring.