## EMMA H. MARKS vs. JEREMIAH H. MARKS.

Argued Jan. 3, 1894. Reversed Jan. 19, 1894.

No. 8559.

**Divorce for cruel and inhuman treatment.**

A systematic course of ill treatment, consisting of continual scolding and fault-finding, using unkind language, studied contempt, and many other petty acts of a malicious nature, may, when sufficiently long continued, and when producing sufficiently serious results, constitute cruel and inhuman treatment, and be sufficient ground for the granting of a divorce.

**Proofs admissible.**

The refusal to admit evidence of such acts *held* error.

Appeal by plaintiff, Emma H. Marks, from an order of the District Court of Hennepin County, *Henry G. Hicks*, J., made October 14, 1893, denying her motion for a new trial of her suit for divorce *a vinculo* for cruel and inhuman treatment.

*F. B. Hart*, for appellant.

Mere personal indignities, such as rudeness, unmerited reproach, contempt, studied negligence, open insult, and other manifestations of settled hate, when habitual, continuous, causing extreme and undeserved suffering, constitute legal cruelty, without being accompanied with overt bodily harm actual or threatened. *Freeman* v. *Freeman*, 31 Wis. 235; *Whitmore* v. *Whitmore*, 49 Mich. 417; *Friend* v. *Friend*, 53 Mich. 543; *Carpenter* v. *Carpenter*, 30 Kans. 712; *Avery* v. *Avery*, 33 Kans. 1; *Cole* v. *Cole*, 23 Ia. 433; *Wheeler* v. *Wheeler*, 53 Ia. 511; *Thornberry* v. *Thornberry*, 2 J. J. Marsh. 322; *Ruckman* v. *Ruckman*, 58 How. Pr. 278.

*Shaw & Cray*, for respondent.

Mere austerity of temper, petulance of manners, rudeness of language, want of civil attention and accommodation, even occasional sallies of passion, if they do not threaten bodily harm, do not amount to legal cruelty. *Evans* v. *Evans*, 4 Hag. Ec. 311; *Close* v. *Close*, 25

N. J. Eq. 526; *Lawrence* v. *Lawrence,* 3 Paige 266; *Childs* v. *Childs,* 49 Md. 509; *Hughes* v. *Hughes,* 44 Ala. 698; *Minde* v. *Minde,* 65 Mich. 633.

CANTY, J. This is an action for divorce on the ground of cruel and inhuman treatment. The complaint alleges at great length that, during the eleven years of married life in which the parties lived together, the defendant did constantly worry, annoy, and subject her to personal indignity, and did daily, by a systematic course of ill treatment, abuse her, use unkind language towards her, and find fault with her; that he was in the habit of berating her for hours at a time, and often after they retired, until the small hours of the morning, thereby depriving her of sleep, rest, peace, and quiet. It also states many other acts of a similar character, but states only one act of violence on his part, and alleges that by reason of such ill treatment her health was greatly injured, and her nervous system shattered.

On the trial the plaintiff called the defendant for cross-examination, under the statute which provides that either party may so call the other. On such cross-examination the witness was asked such questions as: "After you were married, you immediately had trouble?" "When did you have your first quarrel with your wife?" "Did you at any time have trouble with your wife?" "How was it as to frequency?" "Did you ever see your wife in tears during that winter, from October to March?"—and other questions of the same character. To each of these questions the defendant's counsel objected, on the ground that the same was incompetent and immaterial and the objections were all sustained by the court. The court stated that, before the plaintiff would be allowed to go into these matters, she must first prove some act of violence, or some one act that would of itself prove cruel and inhuman treatment. Plaintiff's counsel stated that he could not do this, but could prove all the other allegations of the complaint, and this the court refused to permit him to do, either on such cross-examination, or by other witnesses subsequently called. Thereupon the plaintiff rested, and the court dismissed the action. We are of the opinion that the court erred in ruling out this evidence. While the court should act with great caution in granting a divorce on evidence of this character, where no

acts of violence are proven, still such evidence may be sufficient. Such a course of ill treatment, long continued, where the acts of the husband are studied and malicious, and the wife is sensitive, may be cruel and inhuman treatment if it has a serious effect on her health, or causes her great mental suffering; but the effect on her must be of a serious character.

The evidence was competent, and should have been admitted. Whether there was sufficient of it, when it was all received, to entitle plaintiff to a divorce, is another question.

For these errors, the order denying the motion for a new trial should be reversed. It is so ordered.

(Opinion published 57 N. W. Rep. 651.)