ALGOT PETERSON v. EMMA PETERSON.[1]

April 26, 1897.

Nos. 10,413—(40).

### Divorce—Cross Complaint—Evidence.

In action for divorce on the ground of desertion, the defendant, by way of counterclaim, asked for a divorce on the ground of plaintiff's cruel and inhuman treatment, alleging, among other things, that she had brought a prior action against him for a divorce on the same ground, which was determined against her solely on the ground that she had condoned his conduct, but that, subsequent to such condonation and the determination of that action, plaintiff had repeated and continued his cruel and inhuman treatment. After defendant had introduced evidence tending to prove cruel and inhuman treatment subsequent to the determination of the other action, she offered evidence of the alleged prior cruel and inhuman treatment, which had been litigated in the first action, the sole ground upon which it was offered being that plaintiff's breach of the implied condition of the condonation revived the original right of action for a divorce; but no evidence was offered to show that condonation was

[1] Reported in 70 N. W. 865.

an issue in the former action, or that its determination against the de-
fendant was on that ground.  *Held*, that the exclusion of the offered evi-
dence was not error.

Appeal by defendant from an order of the district court for Ramsey
county, Willis, J., refusing a new trial.  Affirmed.

The action was one for divorce on the ground of desertion, and de-
fendant, in her counterclaim, asked a divorce in her favor on the
ground of cruel and inhuman treatment.  She had previously sought
this in an independent proceeding which had been dismissed some-
thing over a year previous.  The question asked of plaintiff on
cross-examination, referred to in the sixth assignment of error and
mentioned in the opinion of the court, was whether or not he had,
since the previous suit, accused the defendant of unchastity.

*G. J. Lomen*, for appellant.

Condonation is subject to the condition that the injury shall not be
repeated, and if the party condoned were guilty of any subsequent
similar misconduct this would revive the former injuries.  Crichton
v. Crichton, 73 Wis. 59; Browne, Divorce, 121.  False charges of
adultery may amount to cruelty.  Wagner v. Wagner, 36 Minn. 239.

*James J. McCafferty*, for respondent.

Charges of adultery not groundless and malicious do not amount to
cruel and inhuman treatment within the meaning of the statute.
Abusive language, when the fact is taken into consideration that the
wife had left and refused to return, is not such cruel and inhuman
treatment as will revive a cause of action for divorce on the ground of
cruel and inhuman treatment upon which suit has been brought and
dismissed.

MITCHELL, J.  The plaintiff brought this action in May, 1896, for
a divorce on the ground of willful desertion in March, 1895.  The de-
fendant, in her answer, alleged that in December, 1894, she was com-
pelled to leave plaintiff's bed and board on account of his cruel and in-
human treatment, and that this enforced absence is the desertion al-
leged in the complaint.  She further alleged that she brought an ac-
tion against the present plaintiff for a divorce on account of this cruel
and inhuman treatment, which was determined against her in May,
1895, on the sole ground that she had condoned plaintiff's conduct, but

that since said condonation and the determination of her action the plaintiff had repeated and continued his cruel and inhuman treatment. The answer then reiterates and realleges such cruel and inhuman treatment, both before and after the determination of the former action, as ground for a divorce in her own favor. The reply, in addition to denying most of the allegations of new matter in the answer, alleged that the judgment in the former action was an adjudication of all prior charges of cruel and inhuman conduct. It further alleged that defendant had committed adultery in March, 1896. The pleadings on both sides are exceedingly informal, but on the trial in the court below, as well as in this court, counsel seem to assume that the determination of the former action was a final judgment upon the merits, whatever may have been the particular grounds on which it was rendered.

On the trial the defendant introduced evidence tending to prove the allegations of her answer as to acts of cruel and inhuman treatment committed by plaintiff subsequent to the determination of the former action. The principal contention of her counsel is that the court below erred in excluding evidence of cruel and inhuman treatment by plaintiff prior to the determination of the former action. The ground upon which this evidence was offered in the court below, and upon which its competency is urged here, is that a condonation is conditional that the offense shall not be repeated, and that a breach of this condition revives the original right of divorce. Conceding this legal proposition, the record furnishes no basis for its application to this case. It purports to contain all the evidence, rulings, and exceptions given, made, and taken on the trial; but it nowhere appears that any evidence was introduced or offered that the judgment in the other action was rendered on the ground of condonation, or that there was any such issue in the case. Not a particle of evidence was offered as to the proceedings in that action.

Conceding, without deciding, that if the judgment in that action was rendered solely on the ground of condonation, and that a subsequent breach of the condition of the condonation would revive the original ground of divorce, notwithstanding such judgment, still no facts were proven to make the legal proposition applicable. The general rule that a final judgment on the merits is a bar to another suit

for the same cause of action is as applicable to divorce suits as to any other. Whether evidence of these prior acts of cruel and inhuman treatment might have been admissible for any other purpose, we need not inquire, for the reason that the only ground presented to the trial court, or urged here, was that, as the determination of the former action proceeded solely on the ground of condonation, the subsequent breach of the condition revived the prior cruel and inhuman treatment as a cause of action for divorce in defendant's favor.

If it was error to exclude the question propounded to the plaintiff on cross-examination, and referred to in the sixth assignment of error, it was error without prejudice. While he may not have admitted making the charge against his wife in the exact words of the question, yet in his reply he charged her with adultery, and when on the witness stand he charged her with repeated and most promiscuous criminal intercourse with other men. The trial court having found against the defendant on the merits, and the sufficiency of the evidence to support the findings not being questioned, and the husband's property being small in value and incumbered by a mortgage, it cannot be held that the court committed any abuse of discretion in the amount allowed the defendant for alimony and attorney's fees. The assignments of error present no other questions requiring any special notice.

Order affirmed.