MINNIE J. WESTPHAL v. GEORGE WESTPHAL.[1]

October 23, 1900.

Nos. 12,227—(48).

### Divorce for Cruelty—Complaint.

Complaint for divorce considered, and *held* to set forth facts sufficient to constitute a cause of action for cruel and inhuman treatment of the wife by the husband.

### Same—Evidence of Other Acts not Pleaded.

Other acts of cruelty than those specifically set forth in the complaint, which illustrate the character of the relations between the parties, may be received in evidence to corroborate the issuable facts alleged therein, when, as in this case, such evidence has that tendency.   Segelbaum v. Segelbaum, 39 Minn. 258, approved and followed.

### Findings.

There was sufficient corroboration of plaintiff's statements at the trial to justify the conclusions of the trial court.

### Judgment Sustained by Evidence.

Evidence in this case considered sufficient to sustain a judgment for absolute divorce as well as for alimony.

Action for divorce in the district court for Wright county.   The case was tried before Giddings, J., who found in favor of plaintiff. From a judgment entered pursuant to the findings, defendant appealed.   Affirmed.

*W. H. Cutting,* for appellant.

*Pidgeon & Oakley,* for respondent.

LOVELY, J.

This suit is brought by a wife to obtain a divorce from her husband upon the ground of "cruel and inhuman treatment."   The case was tried to the court, who, upon a finding that the allegations of

[1] Reported in 83 N. W. 988.

the complaint were substantially proved, ordered judgment in accordance with the prayer of the complaint, which was duly entered, adjudging a separation of the parties, with attorney's fees, as well as temporary and permanent alimony.

Defendant seeks a review here upon a settled case. His assignments of error are principally upon the contentions that the complaint does not state a cause of action; that improper testimony was received, under objection, during the trial; that the testimony of the plaintiff was not sufficiently corroborated; and that the same does not support the result reached by the trial court.

It appears from the complaint that at the time of the marriage plaintiff was eighteen, and defendant twenty-seven, years of age; that they lived together for seven months and twenty-three days, when, by reason of defendant's cruelty, plaintiff was obliged to return to her parents for protection from the husband's violence. The complaint has a general allegation of cruelty, charging the defendant with having repeatedly struck and beaten his wife, and with having called her vile names. It also sets forth particularly that about two months previous to the separation defendant got a clairvoyant to come to his house, and while there had her tell plaintiff that her father and mother would kill her, for the purpose of terrifying and inflicting mental suffering upon her; also that defendant often called the parents of plaintiff, in her presence, opprobrious and offensive names; that on one occasion, in an angry fit, defendant threw plaintiff on the floor against a chair, and while he stood over her kicked her, injuring her side, and made threats of serious bodily injury to her; also that, under the pretense that he would deed a certain tract of land to plaintiff, obtained her signature to a mortgage to his brother, for the sum of $4,000, which, with the incumbrances already on the land, constituted its full value, for the purpose of fraudulently depriving her of her legal rights as his wife therein; that the abuse and personal violence so inflicted by plaintiff were at a time when plaintiff was pregnant with defendant's child; that she suffered much pain of body and mind by reason thereof, and was driven away from the home of defendant and returned to her parents in June, 1898; that in January following her child was born; for which reasons she asks an allowance, with

claim for attorney's fees, as well as temporary and permanent alimony. We have no doubt that the facts thus set forth allege a cause of action. Several acts of unkindness, cruelty, and abuse, not specifically alleged in the complaint, were received in evidence under defendant's objections that such evidence was incompetent, immaterial, and irrelevant. We have examined the record in respect to these objections, and think that the court below did not err in receiving such evidence. It has been held in a former decision that

"The court may, in such cases, take into account facts which are not pleaded, when they tend to prove those that are, though they alone would not be the foundation for a divorce. The relations of the parties, their conduct and manner of life, are therefore deemed material, and evidence of conduct and acts outside of those specially alleged may be received as explanatory, and as giving weight and credence to the specific charges relied on and set up in the pleadings." Segelbaum v. Segelbaum, 39 Minn. 258, 39 N. W. 492.

The trial court found that the allegations of the complaint were substantially proved, there was competent and sufficient evidence to support this finding, and it is not apparent that any evidence not pleaded was made the exclusive foundation of the legal conclusion that plaintiff was entitled to a divorce.

It is contended by defendant that the plaintiff was not sufficiently corroborated; that the allegations of the complaint were solely established by her own statements, and did not receive confirmation from other witnesses. This claim is not well founded. The plaintiff testified to the acts of cruelty. The testimony of other witnesses, as to the conduct and treatment of defendant at other times, was in its very nature corroborative, for which reason it was admissible.

The defendant himself, who was represented by counsel in court, did not testify at the trial upon the serious charges against him in the complaint, which would naturally have required denial if they were untrue, or an explanation if exaggerated. This unexplained declination to appear and testify at the trial was of itself suspicious, and corroborative of plaintiff's evidence, and the record in this case is not open to the objection of the statute (G. S. 1894, §

5769) that the divorce was granted on the sole testimony of the plaintiff. There was a decided conflict in the testimony, and the court who tried the case and saw and heard the witnesses at the trial has reached a conclusion that is well supported by the evidence, and meets with the approval of this court.

It was found by the court below that, a short time previous to the separation, plaintiff, at the request of her husband, joined him in a mortgage to the brother of defendant, and that this mortgage was given for the purpose of defrauding the plaintiff of her rights. We have no doubt that a fraudulent conspiracy between defendant and his brother to place a mortgage upon the land would not, if the same could be reached, deprive the plaintiff of her rights therein; but in an action between plaintiff and defendant the rights of the third parties to whom the mortgage was made cannot be determined, and the judgment can only affect the rights of the defendant, in whom the title still rests. Any controversies between the mortgagee and the plaintiff are not finally determined in this suit, but such rights are open to further litigation between the parties interested. The assignments of error not referred to have been considered, but are not deemed of sufficient importance to require further notice.

Judgment affirmed.