### ALMIRA COCHRAN v. JAMES Z. COCHRAN.[1]

November 11, 1904.

Nos. 14,026—(101).

**Divorce—Cruelty.**

In an action by the wife for a divorce, *held*—

1. Condoned cruelty will be revived by subsequent misconduct of the guilty party of such a nature as to create a reasonable apprehension that the cruelty will be repeated, even if such misconduct be not in itself sufficient to warrant a divorce.

2. The trial court did not err in denying defendant's motion for a change of the place of trial of the action.

3. The evidence sustains the finding of the court to the effect that defendant was guilty of cruel and inhuman conduct, and as to the value of his property.

4. It is not necessary to make proof of the value of the services of counsel in a divorce case where an allowance therefor is made at the conclusion of the trial, for the court may determine the matter from its own experience and the circumstances as disclosed by the record.

Appeal by defendant from an order of the district court for Wright county, Giddings, J., denying a motion for a new trial. Affirmed.

*R. L. Penney,* for appellant.

*Frank D. Larrabee* and *J. J. Woolley,* for respondent.

START, C. J.

Action by the wife for a divorce on the ground of cruel and inhuman treatment by her husband.

---

[1] Reported in 101 N. W. 179.

It was commenced in the district court of the county of Wright on April 10, 1903. The defendant made a motion for a change of the place of trial to the county of Hennepin on the ground that the county designated in the complaint was not the proper county, and for the convenience of witnesses. The motion was denied, and a trial resulted in findings of fact by the trial court in favor of the plaintiff and an order directing judgment in her favor granting her an absolute divorce and for the payment to her by the defendant of the sum of $7,263.33 as permanent alimony and $200 for the fees of her attorney for his services in the action. The defendant made a motion for a new trial, and appealed from an order denying it.

1. The defendant's first alleged error is that the trial court erred in denying the defendant's motion for a change of the place of trial and in finding that plaintiff was a resident of the county of Wright when this action was commenced. If the plaintiff in an action for a divorce be a resident of the state, the fact that the action is brought in a county in which the plaintiff does not reside is not jurisdictional. The case of Thelen v. Thelen, 75 Minn. 433, 78 N. W. 108, was one in which the trial court found that the plaintiff was not a resident of this state —a jurisdictional fact.

The finding of the trial court that plaintiff was a resident of the county of Wright when the action was commenced is supported by the evidence. It shows that for many years next before the commencement of the action she and her husband were residents of the county of Wright, and had been for some twenty seven years, and that on February 22, 1903, she left her home on account of her husband's misconduct, and went to the city of Minneapolis, and has since resided there, part of the time with her daughter and the rest of the time with her sister. This action was commenced six and a half weeks after she left home. This evidence falls far short of conclusively establishing that the plaintiff had acquired a domicile at Minneapolis; on the contrary, the fair inference is that her stay there was not with any intention of making it her permanent abode, but a temporary necessity. The motion for a change of the place of trial because the action was not brought in the proper county was correctly denied, for the reason that it does not appear from the record that any demand for such change was made before answering, and, further, it did not appear

from the moving papers that the plaintiff was not a resident of the county of Wright. Nor did the trial court abuse its discretion in denying the motion on the ground of the convenience of witnesses.

2. The second alleged error to be considered is that the finding of the trial court that the defendant was guilty of cruel and inhuman treatment of the plaintiff is not sustained by the evidence. The evidence tends to show that the parties were married on July 12, 1876; that from two years after their marriage to September, 1895, the defendant repeatedly, in the presence of their children, used towards the plaintiff profane and obscene language, called her vile names, and accused her of committing adultery with different men, naming them; that in July, 1895, he struck her, knocked her down, and threw her out of the house; that his conduct towards her was such that she could not longer live with him with safety or self-respect; that she left him, and commenced an action for a divorce, which she dismissed, and returned to him, upon his promise to thereafter treat her properly; that after her return until May, 1902, his treatment of her was generally, but not always, kind; that on the night of February 14, 1903, he called her vile names, caught her by the hair, dragged her out of her bed, struck her on her head and shoulders, threw her upon the floor, and threatened to kill her, but was prevented from doing her further injury by his own son and nephew; and, further, that she then left him, and brought this action for divorce.

The defendant, in his answer, alleged improper conduct between the plaintiff and his nephew just prior to his last assault upon her, which, if true, would in a measure mitigate his conduct. He, however, offered no proof of the allegations on the trial. He did not testify on the trial; hence there was no denial by him of the testimony of the plaintiff and her children as to his treatment of her. It is not seriously contended on behalf of the defendant that his treatment of the plaintiff up to 1895, when she commenced her first action for a divorce, was not cruel and inhuman. But it is claimed that such prior acts of cruelty were condoned, and that the assault committed some years thereafter, and under the circumstances disclosed by the plaintiff's testimony, was not sufficient to revive the condoned cruelty. Condoned cruelty will be revived by subsequent misconduct by the guilty party of such a nature as to create a reasonable apprehension that the cruelty

will be repeated, even if such misconduct be not in itself sufficient to warrant a divorce. 9 Am. & Eng. Enc. (2d Ed.) 825. We are of the opinion that the evidence in this case is amply sufficient to warrant the conclusion that the condoned cruelty was revived by the subsequent misconduct of the defendant, and we hold that the finding of the court that the defendant was guilty of cruel and inhuman treatment of the plaintiff is sustained by the evidence.

3. The trial court found the value of the defendant's property to be $21,790, and awarded to the plaintiff as permanent alimony one-third thereof. The defendant claims that this finding is not supported by the evidence. If the plaintiff's testimony, which was received over defendant's objection, as to such value, was competent, the evidence is sufficient to sustain the finding. The competency of a witness to testify as to the value of property is largely in the discretion of the trial court, and its decision on the question will not be reversed unless it is manifestly against the weight of the evidence. Yorks v. Mooberg, 84 Minn. 502, 87 N. W. 1115. The decision of the trial court as to the competency of the plaintiff to testify as to the value of the property, tested by this rule, must be sustained. The defendant offered no evidence as to such value, and the finding of the court is justified by the evidence.

4. The last alleged error meriting consideration is to the effect that there was no evidence upon which the trial court could base its allowance of attorney's fees, and, further, that such allowance could not, in any event, be made after the trial was concluded. It is not necessary that proof of the value of services of counsel should be made in an action for divorce, where the allowance therefor is made at the conclusion of the trial, for the court may determine the matter from its own experience and the circumstances of the case as disclosed by the record. De Llamosas v. Llamosas, 62 N. Y. 618. In this case the court was fully advised by the record as to the extent of the services of plaintiff's counsel, and all the circumstances of the case, including the value of defendant's property. The allowance was reasonable and proper. Schuster v. Schuster, 84 Minn. 403, 87 N. W. 1014.

Order affirmed.