ELLEN M. HAVER v. CHARLES HAVER.[1]

October 18, 1907.

Nos. 15,364—(86).

**Divorce—Cruelty.**

> In this, an action for a divorce on the ground of cruel and inhuman treatment, it is *held* that the finding of the trial court to the effect that the defendant was not guilty of the charge is sustained by the evidence, and, further, that the court did not err in receiving evidence tending to show the conduct and manner of life of the plaintiff.

Action in the district court for Hennepin county for divorce. The case was tried before Dickinson, J., who found that defendant was entitled to judgment that the action be dismissed. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*M. A. Jordan* and *E. R. Lynch,* for appellant.

*J. M. Pulliam,* for respondent.

START, C. J.

This is an appeal from an order of the district court of the county of Hennepin, denying the plaintiff's motion for a new trial in an action for an absolute divorce on the ground of cruel and inhuman treatment. The plaintiff alleged, in substance, that the parties were married July 28, 1891, and have three minor children; that between Sep-

[1]Reported in 113 N. W. 382.

tember, 1898, and September, 1906, the defendant on different occasions called the plaintiff vile and indecent names, refused to furnish her medical aid when ill, and at times necessary provisions for herself and children; that he repeatedly and with great violence forced the plaintiff from their house and home and locked the door, so that she could not return, and she was forced to take refuge at the house of her neighbors; that he threatened to get a revolver and kill her; and, further, that by reason of such treatment by the defendant her health has become seriously impaired. The answer, after admitting the marriage, names and ages of the children, and that the defendant at times, when provoked thereto by the conduct of the plaintiff, lost his temper and used words towards her which he ought not to have used, put in issue the allegations of the complaint as to his treatment of the plaintiff. The trial court, after hearing the parties and their respective witnesses, found that the allegations of cruel and inhuman treatment made by the plaintiff against the defendant were not true, and as a conclusion of law directed judgment for the defendant dismissing the action.

The first contention of the plaintiff is, in effect, that the finding of the trial court that the charges of cruel and inhuman treatment made by her against the defendant were not true is not sustained by the evidence. The testimony of the plaintiff tends to support the allegations of her complaint, and she is corroborated in many particulars by other witnesses. The testimony of defendant tends to show that he was not guilty of the acts of violence towards the plaintiff to which she testified. His testimony is corroborated in some particulars by other witnesses. He did not deny that he had, at times, when angry, used profane and improper language in speaking to and of the plaintiff; but, if his testimony is true, she excited his anger by her own misconduct, although it did not justify his language. The credibility of the witnesses was a question for the trial court, and the evidence was conflicting. Such being the case, the findings of fact by the trial court must be held conclusive, as in ordinary cases of the trial of issues of fact. The finding of fact of which the plaintiff complains is amply sustained by the evidence.

The plaintiff further contends that the court erred in receiving evidence, over her objection, to the effect that the parties had trouble

with reference to her conduct with other men. The evidence was properly received as tending to show the conduct and manner of life of the parties, and as explanatory of the defendant's conduct towards the plaintiff. Segelbaum v. Segelbaum, 39 Minn. 258, 39 N. W. 492; Westphal v. Westphal, 81 Minn. 242, 83 N. W. 988.

Order affirmed.