## GABRIELLA M. MANDELIN v. ARTHUR P. MANDELIN.[1]

January 3, 1913.

Nos. 17,877—(135).

**Divorce — findings sustained by evidence.**

In an action for divorce on the ground of cruel and inhuman treatment, the evidence is *held* to support the findings of the trial court that the allegations of the complaint were true, and to negative the defense of condonation.

Action in the district court for St. Louis county for absolute divorce; that plaintiff be awarded the custody of the child; that plaintiff be given her maiden name and for alimony. The case was tried before Dancer, J., who made findings and as conclusions of law granted plaintiff the divorce, gave to her the custody of the child, awarded her as permanent alimony the sum of $500, and $15 per month until further order of court or until plaintiff should remarry, and $10 monthly for the support of the child; and ordered that defendant be permitted to visit the child, provided such visits should not unduly interfere with plaintiff's care of the child, and that plaintiff's name be changed to Gabriella Esterman. From an order denying defendant's motion for an order amending the findings and conclusions of law or for a new trial, he appealed. Affirmed.

*John A. Keyes* and *Bert W. Forbes,* for appellant.

*Victor H. Gran* and *Warner E. Whipple,* for respondent.

Brown, J.

Action for divorce on the ground of cruel and inhuman treatment, in which plaintiff prevailed, and defendant appealed from an order denying his motion for amended findings and for a new trial.

The defense interposed was a denial of the acts of cruelty charged against defendant, and condonation, by subsequent cohabitation, of any acts of misconduct of which he may have been guilty. It is con-

[1] Reported in 139 N. W. 152.

ceded that the evidence justified the court in finding as true the general charge of cruel and inhuman treatment, but the finding that there was no condonation is challenged as not supported by the evidence. The question whether condonation was shown as a matter of law, or whether the evidence made the question one of fact, presents the only controversy on this appeal.

It is well settled that continued cohabitation after the commission of a matrimonial offense, with knowledge of the offense, constitutes condonation, and will ordinarily bar an action for divorce by the innocent party. But to operate as such it should appear that the subsequent cohabitation was entirely voluntary, free from restraint, and that thereafter the offending spouse treated the innocent party with conjugal kindness. So long as the cohabitation continues, and the offender refrains from further misconduct, there can be no divorce. When not covered by statute, the rules of the common law prevail, and condonation applies to all charges of matrimonial misconduct, including cruel and inhuman treatment. In cases involving the latter, a continuance of the marital relations does not necessarily constitute an absolute condonation of preceding acts of cruel treatment. The law of condonation rests (1) upon the express or implied forgiveness by the injured party; and (2) the express or implied promise of proper treatment by the other. If the improper or cruel treatment continues, there is no condonation. Rudd v. Rudd, 66 Vt. 91, 28 Atl. 869; Jefferson v. Jefferson, 168 Mass. 456, 47 N. E. 123; 14 Cyc. 637 and 640.

It is proper to inquire, in determining the question in any particular case, into the conditions of life surrounding the parties, their conceptions of the proprieties of the situation confronting them, the reasons justifying a continuation of the marriage relation, and all facts having a pertinent bearing upon the question whether there was on the part of the injured party an express or implied intention to forgive and forget the wrong of which he or she might complain.

In the case at bar the parties are evidently not familiar with the laws, customs, or proprieties incident to their situation as recognized in this country. The plaintiff presented evidence of a long-continued course of ill treatment at the hands of defendant. Yet she did not

separate from him—on the contrary, continued to live in his home, performing the ordinary household duties, down to the time of the trial of the action. She testified, however, that all sexual relations between them came to an end when she brought her action for divorce. This defendant denied, insisting that these relations continued after the action was commenced. The truth in this respect was for the trial court to determine. It was resolved in plaintiff's favor.

The evidence further shows that although there was no separation, except to the extent stated, defendant continued, after the commencement of the action, the same treatment of plaintiff, and it is apparent from his disposition, as disclosed by the evidence, that the denial of a divorce will give encouragement to him in his efforts to harass and abuse his wife. It further appears that plaintiff had no place to which she could go as a home. She was without friends, and she was fearful, should she leave the home of defendant, that he would take from her the care and custody of their infant son. She was quite explicit in her testimony that she knew that the continuance of sexual relations with defendant after the commencement of the action would be wrong, and that they were terminated. Under the circumstances we think the question of condonation was peculiarly one for the trial court to determine. The parties were before him, and every opportunity to judge of their character and sincerity was then presented, a situation not afforded this court. There is no hard and fast rule controlling the subject of condonation of matrimonial offenses. Each case must be determined from its own facts, and the character and situation of the parties. We think the court below rightly disposed of the question in this case.

Order affirmed.