(No. 17035.—Reversed and remanded.)
JEANETTE FIELD, Appellee, *vs.* FRED D. FIELD, Appellant.

*Opinion filed December 16, 1925.*

1. PLEADING—*allegations of bill must correspond with the proof.*
If the allegations in a bill are not established by the proof, or if the proof establishes a state of facts not alleged in the bill and no amendment of the bill is made to correspond with the proof, the bill must be dismissed, as the decree cannot give relief which facts disclosed by the evidence would warrant, there being no averments in the bill to which the evidence can apply.

2. DIVORCE—*adultery must be proved to have been committed with the party named.* Where the charge in a bill for divorce is adultery, the party with whom the act is believed to have been committed must be named, or, if unknown, an averment to that effect is necessary, and a charge that the act was committed with a certain person is not established by proof of adultery with any other person.

3. SAME—*some specific acts of cruelty charged must be proved.*
Where cruelty is charged, general misconduct which discloses the

animus of the defendant in the commission of the specific acts charged may be shown in corroboration of the proof of the charges, and it is not necessary to prove all the acts alleged, but it is essential that the proof correspond with the specific allegations and that some of the specific acts of cruelty be proved as alleged.

APPEAL from the Circuit Court of Peoria county; the Hon. THEODORE N. GREEN, Judge, presiding.

ERNEST J. GALBRAITH, (GEORGE W. HUNT, of counsel,) for appellant.

SCHOLES & PRATT, (CHESTER F. BARNETT, of counsel,) for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This appeal is from a decree of the circuit court of Peoria county granting appellee a divorce and awarding her a substantial part of appellant's property.

The bill charges "that on many occasions in the months of January, February, March and April, 1924, he struck, kicked, choked and beat your oratrix; that on or about the first day of May, A. D. 1924, the defendant attacked your oratrix with a knife and attempted to stab her with it; that on or about the 27th day of May, A. D. 1924, defendant herein beat your oratrix and choked her, and did upon many occasions before so attack your oratrix; * * * that the defendant has committed adultery with Mary Doe subsequent to his marriage with complainant." The only evidence supporting the allegations of cruelty is the testimony of appellee, which appears in the abstract as follows: "He was very cruel to me during our married life. He hit me, put a gun on me, and he didn't give me anything to eat, and he didn't buy me no clothes nor anything. I don't know how many times he struck me or abused me, but a great many times. He left marks on me and hurt me. My sis-

ter was present and saw him do that. I gave him no provocation to treat me in that way." To support the charge of adultery, appellee and Ella McReynolds testified to circumstances from which the conclusion might be drawn that appellant lived in a state of adultery at 722 North Adams street, Peoria, with Lizzie Wilson. The decree finds that appellant is guilty of both charges.

Before a party is entitled to a decree his allegations and proof must agree. If the allegations in a bill are not established by the proof, or if the proof establishes a state of facts not alleged in the bill, and no amendment of the bill to correspond with the proof is made, the bill must be dismissed. (*Tucker* v. *Powell,* 318 Ill. 166.) The decree cannot give relief which facts disclosed by the evidence would warrant, where there are no averments in the bill to which the evidence can apply. (*Dorn* v. *Geuder,* 171 Ill. 362; *Winterburg* v. *Winterburg,* 52 Kan. 406, 34 Pac. 971.) Where the charge is adultery, the party with whom the act is believed to have been committed must be named, or if unknown, an averment to that effect is necessary; (*Marsh* v. *Marsh,* 16 N. J. Eq. 391, 84 Am. Dec. 164;) and where it is charged that the act was committed with a certain person at a certain time and place, evidence of acts with a person other than the one named, or with the named person at another place, is incompetent. (*Germond* v. *Germond,* 6 Johns. Ch. 347, 10 Am. Dec. 335; *Adams* v. *Adams,* 20 N. H. 299, 51 Am. Dec. 219; *Scheffling* v. *Scheffling,* 44 N. J. Eq. 438, 15 Atl. 577.) Where the bill charges the act of adultery with a particular person, the charge is not sustained by proof of adultery with any other person. (*Washburn* v. *Washburn,* 5 N. H. 195.) With respect to her charge of cruelty, she charged specific acts of cruelty in May, 1924, but she did not prove any of these. While general misconduct which discloses the animus of the accused in the commission of the specific acts charged may be shown in corroboration of the proof of the acts charged,

(*Westphal* v. *Westphal,* 81 Minn. 242, 83 N. W. 988,) and while it is not necessary to prove all of the acts charged, it is essential that the proof correspond with the specific allegations and that some of the specific acts of cruelty charged be proven. (*Lee* v. *Lee,* 3 Wash. 236, 28 Pac. 355.) Neither the charge of adultery nor the charge of cruelty alleged in the bill has been proven.

The decree of the circuit court is reversed and the cause is remanded.      *Reversed and remanded.*