# MAE ELYDA OLSON v. CHESTER JONATHAN OLSON.[1]

April 18, 1952.

No. 35,637.

*Clifford G. Nelson,* for appellant.
*Swanson, Swanson & Swanson,* for respondent.

CHRISTIANSON, JUSTICE.

Plaintiff appeals from an order denying her alternative motion for amended findings or a new trial in a contested divorce action wherein she was denied a divorce.

[1]Reported in 53 N. W. (2d) 29.

364

Plaintiff and defendant were married on January 10, 1927. Eight children have been born as issue of their marriage. The last child was born in July 1946. In October 1949, plaintiff brought an action for divorce against defendant on the grounds of cruel and inhuman treatment. In her complaint she alleged generally that since the marriage of the parties defendant had treated her in a cruel and inhuman manner, and particular instances of cruelty practiced by defendant toward plaintiff in 1949 were specifically alleged. Defendant by his answer denied all allegations of cruelty on his part and affirmatively alleged—

"that plaintiff has freely condoned all prior conduct of the defendant and has forgiven him therefor."

At the trial, the court on its own motion limited plaintiff's proof on the issue of cruel and inhuman treatment to the period subsequent to the conception of the last child of the parties. The basis the trial court gave for its ruling was that the conception of the last child of the parties constituted condonation of any prior cruelty. In its findings and conclusions of law denying plaintiff a divorce the court found that each of the parties had "repeatedly condoned the conduct of the other."

■ It has been the rule in this state since 1888 that in an action for divorce on the ground of cruel and inhuman treatment evidence of the relations of the parties, their conduct and manner of life, and acts of cruelty not specially pleaded and antedating those specifically alleged in the complaint may be shown, not as ground for divorce, but as confirmatory and cumulative evidence in support of the acts of cruelty specifically alleged. Segelbaum v. Segelbaum, 39 Minn. 258, 39 N. W. 492; Westphal v. Westphal, 81 Minn. 242, 83 N. W. 988; Haver v. Haver, 102 Minn. 235, 113 N. W. 382; 2 Dunnell, Dig. & Supp. § 2796.

The complaint in the instant case alleged that defendant had treated plaintiff in a cruel and inhuman manner ever since their marriage in 1927. Clearly, it was error not to permit plaintiff to introduce evidence of cruel and inhuman treatment practiced by

defendant prior to the conception of the last child of the parties. Cf. Marks v. Marks, 56 Minn. 264, 57 N. W. 651.

■ The record discloses that the trial court predicated its ruling on a misconception of the law of condonation as applied to acts of cruelty in the marriage relation. It further appears that this error of law permeated its finding that plaintiff had repeatedly condoned defendant's conduct.

The defense of condonation with respect to actions for divorce on the ground of cruelty has been clearly defined in prior decisions of this court.[2] As stated in Mandelin v. Mandelin, 120 Minn. 198, 199, 139 N. W. 152:

"* * * When not covered by statute, the rules of the common law prevail, and condonation applies to all charges of matrimonial misconduct, including cruel and inhuman treatment. In cases involving the latter, a continuance of the marital relations does not necessarily constitute an absolute condonation of preceding acts of cruel treatment. The law of condonation rests (1) upon the express or implied forgiveness by the injured party; and (2) the express or implied promise of proper treatment by the other. *If the improper or cruel treatment continues, there is no condonation.*" (Italics supplied.)

■ The evidence which plaintiff sought to introduce on the issue of cruel and inhuman treatment was competent and should have been received. Moreover, where findings of fact are controlled or influenced by error of law they are not final on appeal and may be set aside. In re Trust Under Will of Holden, 207 Minn. 211, 291 N. W. 104; Lee v. Delmont, 228 Minn. 101, 36 N. W. (2d) 530. In our opinion, the order appealed from should be reversed and the case remanded for a new trial in conformity with the views herein expressed.

[2]Mandelin v. Mandelin, 120 Minn. 198, 139 N. W. 152; Cochran v. Cochran, 93 Minn. 284, 286, 101 N. W. 179, 180; Peterson v. Peterson, 68 Minn. 71, 70 N. W. 865; Clague v. Clague, 46 Minn. 461, 49 N. W. 198. For Annotations on this subject, see 14 A. L. R. 939 and 98 A. L. R. 1359.

Plaintiff is allowed $250 attorney's fees over and above her costs and disbursements.

Reversed and remanded for new trial.