EMMA H. MARKS v. JEREMIAH M. MARKS.[1]

Oct. 15, 1895.

Nos. 9506—(67).

**Divorce—Cruel and Inhuman Treatment.**
> Upon the examination of the evidence in this action, which was brought by a married woman to obtain an absolute divorce from her husband, upon the ground of cruel and inhuman treatment, in which there was no proof of overt bodily harm, actual or threatened, but ample evidence that defendant's ill treatment seriously affected plaintiff's health, it is *held* that such evidence was sufficient to support the findings of fact in plaintiff's favor and a decree of divorce, under the rule of law enunciated upon a former appeal. 56 Minn. 264.

Appeal by defendant from an order of the district court for Hennepin county, Russell, J., denying a motion for a new trial. Affirmed.
*Hale, Morgan & Montgomery*, for appellant.
*F. B. Hart*, for respondent.

COLLINS, J.    This is a divorce case, and the only question presented by the assignments of error is whether the findings of fact that defendant was guilty of cruel and inhuman treatment towards the plaintiff were supported by the evidence.    To determine this question, we are to apply to the evidence the rule of law enunciated when the case was here before (56 Minn. 264, 57 N. W. 651); namely, that a systematic course of ill treatment, consisting of continual scolding and fault-finding, using unkind language, studied contempt, and many other petty acts of a malicious nature, may, when sufficiently long continued, and when producing sufficiently serious results, constitute cruel and inhuman treatment.

The testimony in this case, covering over 300 printed pages, has been examined with care, but we do not propose to elaborate upon it, or to state in detail the various acts and circumstances appearing therefrom which, in our judgment, justified the conclusion of the trial court that plaintiff was entitled to an absolute decree, as demanded.    A detailed statement of the occurrences which were

[1] Reported in 64 N. W. 561.

common during the period of 10 years immediately preceding the separation of these parties, and by which the defendant ill treated his wife, so that her health became seriously impaired, would serve to publish to the world the particular manner in which he subjected his wife to scolding, fault-finding, to very reprehensible epithets, and persisted in acts of ill treatment, evidently conceived in malice, for many years of their married life; but such statement could be of no value to the profession, nor to trial courts which may in the future have cases of the same general nature before them. It is enough to say that his bad conduct was systematic and continued; that he seems to have studied ways in which to humiliate and degrade his wife, that she might become strictly dutiful and obedient in the most trivial matters; and that by personal indignities, such as unmerited reproach, contemptuous and insulting expressions, open insult, and continual badgering, he became a petty tyrant in his household. His treatment all during the 10 years we have mentioned was about as cruel and inhuman as it could have been without inflicting corporal punishment. The evidence before us establishes an exceptionally strong case of this character, and we wish here to emphasize what was, in substance, said in our former opinion,—that, to warrant the granting of a divorce on the ground of cruel and inhuman treatment, where there is no proof of overt bodily harm, actually inflicted or threatened, the evidence must be strong and convincing, the course of ill treatment complained of long continued, of serious character, and, further, that it must have had an injurious effect upon the health of the complainant. We think this was such a case.

Order affirmed.