HILMA ADELE WIDSTRAND v. CLAES A. WIDSTRAND.[1]

July 11, 1902.

Nos. 13,061—(182).

**Limited Divorce.**
> In an action for limited divorce, evidence examined, and found to support the findings of fact.

Appeal by defendant from an order of the district court for Hennepin county, Pond, J., denying a motion for a new trial. Affirmed.

*Hall & Kolliner,* for appellant.

*John Lind* and *A. Ueland,* for respondent.

LEWIS, J.

This action was brought for the purpose of securing legal separation from the defendant under the provisions of G. S. 1894, §§ 4814–4821. Plaintiff and defendant were married at Minneapolis on November 1, 1887, and lived together as husband and wife, with more or less interruptions, until shortly before commencement of the present action. Separation is sought by the wife upon the ground of cruel and inhuman treatment on the part of the husband. The answer consisted of a denial of the allegations of the complaint, and a cross bill for a divorce absolute from the plaintiff upon the ground of cruel and inhuman treatment. The court below found none of the allegations of defendant's cross bill to be

1 Reported in 91 N. W. 432.

sustained by the evidence, and granted plaintiff a decree of separation. From an order denying a new trial, defendant appealed.

The assignments of error bring before this court the single question whether the facts, as found by the court, are justified by the evidence, and whether the conclusion of law is justified by the facts found.

At the time of their marriage, plaintiff was twenty-six, and defendant fifty-nine, years of age. She had followed the profession of teaching, and had been dependent upon her own resources for a living. He was a widower, living with an infant daughter. The record shows that defendant was by profession a musician, and a man of somewhat eccentric habits, rather penurious, and successful in being able to accumulate a considerable property. We shall not attempt to review the history of this unhappy couple. It appears that plaintiff was of a somewhat nervous and irritable nature, not strong in health, but, on the whole, domestic and quiet in her tastes. The defendant chose to live like a hermit in one room of his house, in a method which could but exasperate any woman of refinement. His personal habits were annoying, and his manner unkind. While it was charged by defendant that she was of extravagant disposition, and wished to live beyond his means, we think the trial court was fully justified in finding this charge not well founded. The defendant was the owner of a good residence property, wherein they resided, but, for some reason, refused to make the necessary repairs and furnishings to make it a comfortable home; and this was one of the principal causes of irritation. Defendant also charged that plaintiff was irritable, and persistently inflicted abuse, both physical and in the use of language, upon the defendant; but the record does not sustain the charge, except on one or two occasions, when she was exasperated by the conduct of defendant. Upon the other hand, we do not find the record to disclose such a persistent method or system of cruelty on the part of defendant as would justify an absolute divorce. While it is true that plaintiff must have entered into the marriage relation with knowledge of defendant's habits and characteristics, and should be held to have accepted the attendant inconveniences

and annoyances, yet the defendant also knew when he invited plaintiff to become his wife that she might have ideas and tastes peculiar to herself, and entirely different from those conditions with which he was in the habit of surrounding himself.

While the law cannot relieve people from the marriage tie simply because they are unhappy, yet when it appears that the interests of both parties would be conserved by a separation rather than a continuation, there should be some relief; and the statute referred to comprehends such cases.· After considering the history of these parties, their peculiarities, their repeated separations and reconciliations, their differences in temperament, habits, and tastes, it seems to us that it would be unwise to withhold the relief sought, especially since the health of plaintiff has been affected. If nothing but misery is to be attained by living together, then what warrant is there in compelling the continuance of that existence? The evidence substantially sustains the facts found by the court.

Complaint is made by appellant that the court abused its discretion in making allowance for the wife in the decree of separation. According to the evidence, the defendant at the time of the trial had accumulated a property, consisting of rent-bearing real estate in the city of Minneapolis, to the amount of $48,500, and that his personal property amounted to $6,000; that there were no debts; and that his net income per month was $210. The court granted to the wife one-third of the annual income,—$70 per month,—and allowed the sum of $500, altogether, for her attorney's fees. Besides this, she was given absolute control of real property, title to which was in her own name. It is not necessary to consider how this property came to be transferred to her. It was voluntarily done, and there is no attempt to show that it was procured by undue influence; and, although its value was stated to be something like $6,000, yet it was not estimated in making up the total of defendant's property, as above stated. It seemed to be the purpose of the trial court to give the wife sufficient allowance to provide for her comfortably, and yet not in any respect to be a hardship upon defendant; and, since it appears that there are

no other children or members of his family dependent upon him, we are unable to see wherein the court abused its discretion.

Order affirmed.