JOSEPH W. REYNOLDS v. EMIL MUNCH and Others.[1]

February 1, 1907.

Nos. 14,952—(160).

**Ejectment.**
An action in ejectment, for the purpose of determining the legal rights of the parties, may be maintained for land overflowed by the erection of a dam in a river adjacent to the land, where the defendant claims a perpetual right of overflow.

[1]Reported in 110 N. W. 368.

Action in the district court for Pine county to recover possession of a certain tract of land. The case was tried before Crosby, J., who, at the close of plaintiff's testimony, dismissed the action. From an order denying a motion for a new trial, plaintiff appealed. Reversed and new trial granted.

*L. C. Harris, S. G. L. Roberts,* and *J. W. Reynolds,* for appellant.

*L. H. McKusick, J. N. Searles, Robt. C. Saunders,* and *Charles Bechhoefer,* for respondents.

BROWN, J.

Action in ejectment to recover the possession of a tract of land alleged to be wrongfully withheld by defendants.

The complaint alleges plaintiff's ownership, and that defendants have no right or interest therein, but nevertheless wrongfully and unlawfully withhold the possession from plaintiff. Defendant McGrath interposed an answer, in which it is alleged that the lands in controversy lie adjacent to Snake river, in Pine county, this state, and are overflowed by reason of a dam constructed in the river; that the dam was constructed in the year 1849, and has been maintained and used continuously since that time for the purpose of creating a head of water in Snake river, raising the volume thereof, for logging and lumbering purposes. It further alleges that the possession which plaintiff claims defendants have taken of the land results from the maintenance of said dam, and that the defendants have the right perpetually to maintain the same by reason of its construction, long-continued maintenance, and adverse possession. The other defendants answered by a general denial.

When the case came to trial, plaintiff offered evidence proving title to the land, and, as it appeared from the testimony that the possession held by defendants resulted from the maintenance of the dam and the consequent overflow of the land by backing up waters of Snake river, it was held that ejectment would not lie, and on defendants' motion the court dismissed the action. A new trial was subsequently denied, and plaintiff appealed.

The only question presented is whether ejectment is plaintiff's proper remedy. It is insisted by defendants that, as the alleged invasion of plaintiff's proprietary rights consists in overflowing the lands in ques-

tion, his only remedy is an action for damages; that, if he should recover in this form of action, the judgment would be ineffectual, because of the inability of the sheriff under a writ of restitution to give possession to plaintiff.

As we view the subject, the right to maintain the action must be upheld. The case comes within the rule of Johnson v. Minnesota Tribune Co., 91 Minn. 476, 98 N. W. 321. Whatever may be the state of the authorities elsewhere, the decision there made controls, on principle, the case at bar. That was an action in ejectment, and it appears that a cornice on defendant's building projected across the line between his lot and that of plaintiff. It was insisted that ejectment would not lie, for substantially the same reason urged in the case at bar, namely, that the judgment would be ineffectual—incapable of enforcement by the sheriff; but we sustained the right of action.

In this case it clearly appears from the pleadings and evidence that defendants claim the right perpetually to maintain the dam in question, which, if sustained, vests in them an interest in the land, a permanent easement, and there can be no logical reason why this asserted right may not be adjudicated in this form of action. Nichols v. Lewis, 15 Conn. 137; Champlain v. Valentine, 19 Barb. 484; Johnson v. Skillman, 29 Minn. 95, 12 N. W. 149, 43 Am. 192; Murphy v. Bolger, 60 Vt. 723, 15 Atl. 365, 1 L. R. A. 309; Tyler, Ej. 41, 741. It is true the sheriff might find it impossible to deliver actual physical possession upon a writ of restitution; but that difficulty is no reason why the action of ejectment may not be maintained to determine the legal rights of the parties. The case would be different if the acts complained of were casual or transitory, and not under an asserted right of permanent enjoyment. In such a case, the remedy would be in trespass; but here the title to the property is involved, and we have no difficulty in holding that the legal rights of the parties may be determined in this form of action. It is a preparatory step, and will enable plaintiff, if he recover judgment, to resort to other appropriate remedies to enforce his rights. 3 Pomeroy, Eq. Jur. 1375. If possession cannot be delivered by the sheriff, and defendants refuse to abandon the dam after an adjudication against them in this action, the dam would become a nuisance, and could be abated in another action.

Order reversed, and new trial granted.