# IDA MARTINSON v. JOHN W. MARTINSON.[1]

November 24, 1911.

Nos. 17,329—(131).

**Limited divorce — cruelty — evidence.**

In an action for a limited divorce, under R. L. 1905, § 3597, on the ground of cruel and inhuman treatment of a character to impair the health of plaintiff, though no actual violence was inflicted upon her, the evidence is *held* sufficient to support an order for judgment in plaintiff's favor.

**Alimony and rights of property.**

The court may in such actions make such further order, subsequent to judgment, respecting the alimony and property rights of the parties, as the circumstances may justify.

Action in the district court for Hennepin county for suit money, alimony, attorney's fees, for a division of the property of defendant or for an allowance, and for a limited divorce. The answer alleged that were it not for plaintiff's relatives, and their relentless pursuit of defendant to gain control of his property by transfer of the same to plaintiff, defendant and plaintiff could and would live together in domestic tranquility. The case was tried before Booth, J., who made findings and as final conclusions of law found that plaintiff was entitled to a limited divorce and to permanent alimony in the sum of $40 per month; that $250, in addition to the sum already allowed should be paid to plaintiff's attorney; that the household goods should be divided between the parties in the proportion of two-thirds to defendant and one-third to plaintiff, and that, in case the parties could not agree upon a division, application might be made to the court for appraisement and division. From an order denying defendant's motion for a new trial, he appealed. Affirmed.

*A. B. Darelius,* for appellant.

*James A. Peterson,* for respondent.

[1] Reported in 133 N. W. 460.

BROWN, J.

Action for a limited divorce, in which judgment was ordered for plaintiff, and defendant appealed from an order denying a new trial.

The trial court found that the parties intermarried in December, 1890. Plaintiff is forty-four and defendant fifty years of age. There are no children.

The court further found that for many years prior to the commencement of the action, without cause or provocation, defendant has continued and kept up a course of cruel and inhuman treatment toward plaintiff; that during said time he has scolded her, criticised and found fault with her work, applied to her opprobrious names and epithets, and in various ways and methods annoyed, humiliated, and terrified her; that since September, 1909, defendant has spent very little time at home, and only to be nagging, annoying, disagreeable, and disrespectful when at home; that he has repeatedly referred to her as a "devil," or "devil's devil"; that he frequently expressed an anxiety to get rid of her; that he often declared that she stood between defendant and another woman; that he refused to supply her with money with which to furnish herself necessary clothing and apparel, and without excuse neglected to attend her in an illness suffered by her in June, 1910. The court further found that plaintiff is of a very nervous temperament and that the continued ill treatment of defendant has affected her mind, that by reason thereof she has lost her former health, and that she is unable longer to live with defendant because of her fear of him.

The evidence discloses no violence on the part of defendant. It does not show that he ever inflicted bodily injury to plaintiff; the cruel and inhuman treatment made the basis of the action being the long continued course of conduct already outlined. The findings bring the case within the rule applied in several of our decisions and fully support the judgment for a limited divorce. Marks v. Marks, 62 Minn. 212, 64 N. W. 561; Bechtel v. Bechtel, 101 Minn. 511, 112 N. W. 883, 12 L.R.A.(N.S.) 1100; Williams v. Williams, 101 Minn. 400, 112 N. W. 528; Widstrand v. Widstrand, 87 Minn. 136, 91 N. W. 432.

The assignments of error present the question whether the find-

116 M.—9.

ings of fact are supported by sufficient evidence. We have examined the record with care, and find therein evidence clearly tending to support the facts found and sufficient within the rule guiding the court in such cases.

In an action of this character, calling either for an absolute divorce or mere suspension of the marriage contract, much must be left to the sound judgment and discretion of the trial court. The parties appear personally before that court, and every opportunity is thus given for testing, not only their credibility, but their general character and disposition as well, affording the court a guide, not presented here, for determining the issues upon broad and substantial grounds and in harmony with the true situation and best interests of the parties. And though limited divorces are not favored, we are satisfied upon the whole record that the learned trial court rightly disposed of the case.

It is probable that the result may in a measure embarrass defendant in dealing with his real property in the future, but that is no reason for refusing to plaintiff the relief to which the law and facts entitle her. However, it would seem clear that under the authority conferred by section 3602, R. L. 1905, to "make such further decree as the nature and circumstances of the case require," the trial court would be authorized by a modification of the original judgment to provide for and relieve, by proper safeguards, any embarrassments in this respect subsequently arising. It is probable, too, that section 3592, applies to actions for limited divorces. Smith v. Smith, 77 Minn. 67, 79 N. W. 648. So that no difficulty in the management of defendant's real property will arise which cannot be obviated upon proper application to the court.

Order affirmed.