# D. J. TEW v. WILLIAM W. WEBSTER.[1]

July 5, 1912.

Nos. 17,459—(58).

**Res adjudicata — questions litigated in former action.**

In this action of ejectment to recover the possession of land alleged to be submerged by the backwater from defendant's dam, it is *held* that a judgment in favor of defendant in a former action between the same parties is res adjudicata as to all questions litigated and adjudged in such action, although the relief asked therein was an injunction against defendant's maintenance of the dam.

**Test of conclusiveness.**

In determining whether a judgment in a former action between the same parties is res adjudicata, the test is not the nature of the relief demanded, but is whether the facts put in issue, found, and adjudged in the former action are the same facts sought to be litigated in the present action.

**Rulings of trial court.**

There was no error in any of the rulings of the trial court.

Action in the district court for Fillmore county to recover pos-

[1] Reported in 136 N. W. 1098.

session of certain land, $1,200 for unlawful retention thereof, and $300 for reasonable value of its use, rents and profits during the six years in which plaintiff was deprived of its possession. The case was tried before Kingsley, J., who made the findings and conclusions set forth in the opinion. From the judgment entered pursuant to the findings, plaintiff appealed. Affirmed.

*Bassett & Gullickson* and *French & Sasse,* for appellant.

*George W. Rockwell, John W. Hopp* and *Jesse E. Higbee,* for respondent.

BUNN, J.

This is an action in ejectment, to recover the possession of land owned by plaintiff and damages for the alleged unlawful withholding of possession by defendant. The complaint alleges in substance that plaintiff is the owner of forty acres of land in Fillmore county in and near the village of Rushford, that Rush creek runs through the land in an irregular course; that plaintiff is the owner of a gristmill and a dam upon said creek; that defendant owns a woolen factory and a dam across the creek about four thousand feet below plaintiff's mill, and that plaintiff's land lying along the creek, some two acres in all, is constantly covered by water backed thereon by defendant's dam. The answer pleads a former judgment between the same parties in an action commenced September 5, 1905, to compel defendant to lower his dam, which action resulted in a decision in favor of defendant, affirmed by this court in 103 Minn. 110, 114 N. W. 647, followed by the judgment pleaded. The answer alleged that defendant's dam had not been raised since the prior action was commenced.

On the trial in the court below, plaintiff offered evidence to prove that defendant had raised his dam within fifteen years prior to September 5, 1905. This evidence was excluded; the trial court holding that the judgment in the former case was res adjudicata as to all matters prior to its commencement. The court decided that defendant, by repairs and improvements on his dam made since September 5, 1905, had caused an increase in the height of water of three-quarters of an inch, and thus deprived the plaintiff of the

use and benefit of his land to the extent that the same has been flooded by the increase in the height of the water. As conclusion of law, it was held that plaintiff was entitled to the immediate possession of his premises covered by water by means of defendant so raising the water. Both parties moved for amended findings and conclusions, and both motions were denied. Judgment was entered on the decision, and plaintiff appealed therefrom to this court.

The question before us is: Was the judgment in the former action res adjudicata in this action, so as to estop plaintiff from proving that defendant had raised the water of the creek prior to the time the former action was commenced? If so, the trial court ruled correctly in excluding the evidence offered; but, if not, the ruling was erroneous, and plaintiff is entitled to a new trial. The actions were between the same parties, and the subject-matter was the same. If the causes of action were in substance the same, if the same vital question of fact was involved in both actions, and was determined and adjudged in the former action, such adjudication is conclusive on the parties in the second action.

The one question of fact upon which the former action turned was as to whether defendant had within fifteen years prior to the commencement of that action raised the height of the water above his dam. This issue was made by the pleadings, and was decided by the trial court adversely to plaintiff. The decision was clear and explicit: "Neither the said defendant, nor his predecessor, Jonathan Webster, have, during the fifteen years immediately prior to the commencement of this action, raised the dam referred to * * * and have not, during said fifteen years or more, by means of said dam or otherwise, raised the water of said Rush creek, at said dam, above the height at which it has been maintained during said fifteen years." On the appeal to this court it was held that this finding was sustained by the evidence, and such holding was necessarily conclusive of the case. In the present action, notwithstanding the different form of the action and the different relief asked, the pivotal question is the same, save only that the inquiry in the present case covers the period of fifteen years prior to the commencement of this case, March 10, 1910.

It is not especially important that the first action was in equity to compel defendant to lower his dam and to enjoin its maintenance at the height it then was, while the present action is in form an action at law to recover possession of the lands of plaintiff submerged by the alleged acts of defendant in raising and maintaining his dam. While ejectment is a proper remedy in such a case, under the decision in Reynolds v. Munch, 100 Minn. 114, 110 N. W. 368, it is clear that the real object of the action is to obtain in the end the very relief demanded in the former suit. Ejectment may be resorted to in order to determine the rights of the parties; but it is self-evident that, should it be adjudged that plaintiff is entitled to recover the possession of the submerged land, the dam must be lowered in order to carry into effect the judgment. That the actual relief desired and sought is the lowering of the dam seems beyond doubt. The land of plaintiff actually submerged by the water backed from defendant's dam lies wholly on the steep sloping banks of the creek, which are from two and one-half to seven feet in height and are never overflowed by the backwater. Plaintiff's injury is really to his water power, not to his land.

That it is not the form of the action or the relief asked which determines whether a prior judgment is a bar, but the question whether the same issues were involved, is a proposition that is thoroughly established. "It is not the fruit of the litigation that constitutes the estoppel, but the facts put in issue and found, upon which the recovery is based." Bazille v. Murray, 40 Minn. 48, 41 N. W. 238. Applying the rule said in West v. Hennessey, 58 Minn. 133, 59 N. W. 984, to be "the best and most accurate test as to whether a former judgment is a bar," it is clear, we think, that the same evidence would sustain or support both the former and the present action. The real controlling issue of fact in the present case was identically the same question that was litigated and adjudged in the former action; that is, whether defendant had raised the height of water above his dam at any time within fifteen years prior to the commencement of the action.

The other reasons urged by counsel for plaintiff in their argument to prove that the first judgment is not res adjudicata require little

discussion. In so far as these reasons relate to alleged defects in the judgment in the former action, or in the findings on which it was based, we find no merit in any of the contentions. We have given careful consideration to counsel's argument and brief, and are unable to concur in any of the numerous points made in their strenuous effort to escape the effect of the judgment in the former action. It would unduly extend this opinion and serve no useful purpose to state and decide each point separately.

We have also considered the various assignments of error that challenge the rulings of the trial court in permitting an amendment to the answer, in admitting evidence to show at what height defendant's dam was maintained at the time the first action was commenced, in making findings on this point, and in refusing to strike out its third, fourth, and fifth findings of fact. We find no error in any of these rulings, or in the refusal of the trial court to amend its findings and conclusions as requested by plaintiff.

Our conclusion is that the judgment in the former action, whether it was right or wrong, is res adjudicata as to any acts of defendant in raising the height of water prior to the date the action was commenced, and that the trial court correctly excluded the evidence offered to prove such acts. We also hold that there was no error in any of the rulings on the trial. The result is that plaintiff must be content with the relief granted by the trial court.

Judgment affirmed.