## HENRY L. SIMONS v. EMIL MUNCH and Others.[1]

November 6, 1914.

Nos. 18,780—(43).

**Construction of judgment.**

1. In arriving at the meaning of a judgment or decree, it is improper to rely wholly on the literal reading of clauses severed from the sentence in which they are placed. The judgment as a whole should be considered in

[1] Reported in 149 N. W. 304.

interpreting any particular clause or sentence therein, and if so considered there be any doubt, or it be open to two constructions, the pleadings and findings or verdict may be resorted to, and that construction given which harmonizes with the record. *Held,* that the trial court properly construed the judgment and decree herein.

**Contempt — findings sustained by evidence.**

2. The findings of fact are amply sustained by the proof, and show that respondent has not been guilty of violation of the injunctional part of the judgment. Upon such findings the contempt proceeding was properly dismissed, and appellants are not prejudiced by the order refusing to set aside the findings and dismissal.

Certain of the interveners in the above entitled action obtained from the district court for Pine county an order directing the Pine City Electric Power Co. to show cause why it should not be punished for contempt in failing to obey the judgment as to the provision with regard to interfering with the natural flow of water in Snake river and why it should not indemnify the same parties for the resulting damage. The matter was heard before Dancer, J., acting for the judge of the Nineteenth judicial district, who denied defendant's motion to dismiss the proceedings on the ground that the court had no jurisdiction to enjoin defendant and made findings dismissing the order to show cause. From an order denying the motion of interveners for new findings of fact and conclusions of law, Ignatius Chelmik and T. J. Mider, plaintiffs and interveners, appealed. Affirmed.

*Thomas C. Daggett* and *James A. Manahan,* for appellants.

*J. N. Searles* and *George H. Sullivan,* for respondent.

Holt, J.

Many years ago Henry L. Simons brought an action in ejectment for the possession of lands abutting Snake river, above the outlet of Cross lake, alleging that the defendants by means of a dam, known as the Chengwatonna dam, maintained a few hundred feet below the outlet of said lake, set the water back in the river, and the lake above for which it was an outlet, so as to overflow the plaintiff's lands and deprive him of their use. During the protracted litigation Pine City Electric Power Co. became the owner of the dam and was made party

to the suit, together with a number of owners of lands abutting the river and lakes above the dam who intervened, setting forth a cause of action in ejectment for their lands substantially like plaintiff's. All asked also for damages for the unlawful usurpation of their lands. Among the interveners were appellants I. Chelmik and J. T. Mider. Final and separate judgments and decrees in favor of plaintiff and each intervener were entered. The history of this dam litigation in this court may be found in 100 Minn. 114, 110 N. W. 368, 107 Minn. 370, 120 N. W. 373, 121 N. W. 878; 115 Minn. 360, 132 N. W. 321, and 118 Minn. 528, 136 N. W. 1028. The judgments so entered provided and decreed: "That none of the defendants and none of the interveners above named allied with defendants has any right, title, interest or easement in or to or lien upon any part of said lands, that each and all of said defendants and allied interveners be and hereby are permanently enjoined from maintaining the so-called Chengwatonna dam across Snake river, in said county and state, from interfering with the natural flow of water in said river, and from in any way obstructing its current, but no execution or judgment shall issue for the recovery of said lands prior to April 1st, 1912."

In May, 1913, the appellants procured an order from the court directing the respondent to show cause why it should not be punished for contempt in failing to obey the judgment as to the provision above set forth and why it should not indemnify appellants for the resulting damage. At the hearing voluminous testimony from experts and nonexperts was submitted. The court made these controlling findings of fact: That respondent on March 31, 1912, began removing the dam and prosecuted the work diligently and so that it no longer interferes with the natural flow of the water in the river to any appreciable extent; and that before removing said dam respondent "erected what is now called the new Chengwatonna dam across said Snake river, approximately two thousand feet below the site of the original or the old Chengwatonna dam heretofore mentioned, which new Chengwatonna dam as so erected and as so maintained by said defendant (respondent) until the 30th day of June, 1912, interfered with the flow of the water in Snake river, but not to such an extent as to flood the lands of said Chelmik or Mider and other interveners

or plaintiff in this action, or as to raise the water abutting said lands of any of them." It was also found that on June 30, 1912, respondent sold the dam to another company, and since such date has not interfered in any way with the natural flow of water in the river. Upon these findings an order was made dismissing the order to show cause. Thereafter appellants moved the court to set aside the findings and order of dismissal and to substitute proposed findings and an order adjudging respondent guilty. They appeal from the order denying their motion.

Respondent makes the point that the order is not appealable. Inasmuch as the controversy has been fully argued on the merits and it is highly desirable that needless litigation over the new dam be averted, if possible, we have concluded to pass by respondent's objection especially since it will not be prejudiced by so doing.

Appellants take their stand upon a literal interpretation of these detached clauses in the judgment, enjoining respondent "from interfering with the natural flow of water in said river, and from in any way obstructing its current." They claim that this prohibits respondent from interfering with the current at any place in Snake river. Such construction appears to us strained and unreasonable. It would be more proper to say that these clauses forbid every interference with the natural flow or current of the river that will affect the use or possession of the lands mentioned in the first part of the sentence. We see readily that the purpose of the judgment was to exclude respondent from claiming the right or easement of flowage in these lands of appellants, particularly the right of flowage by the old dam involved in the litigation. True it is, that where the language of a judgment or decree is clear and unambiguous, neither the pleadings nor the findings or verdict, nor matters *de hors* the record may be resorted to to change the meaning. It must stand and be enforced as it speaks. But when the meaning is obscure, doubtful or ambiguous, the judgment roll or record may always be examined for the purpose of rendering certain that which may be open for construction or interpretation. We look for harmony between the pleadings, findings and decree. If the latter be not absolutely clear or certain, we may expect more clearness when read in the light of the issues raised

and the facts found. It is well settled that resort may be had to the pleadings and issues joined thereunder to explain and limit the language of the judgment. Pomona Land & Water Co. v. San Antonio Water Co. 152 Cal. 618, 93 Pac. 81. See also Watson v. Lawson, 166 Cal. 235, 135 Pac. 961; Drach v. Isola, 48 Colo. 134, 109 Pac. 748; Sharp v. McColm, 79 Kan. 772, 101 Pac. 659; Attorney General v. New York, N. H. & H. Ry. Co. 201 Mass. 370, 87 N. E. 621; Haskall v. Kansas Natural Gas Co. 224 U. S. 217, 32 Sup. Ct. 442, 56 L. ed. 738. "In case of doubt regarding the signification of a judgment, or any part thereof, the whole record may be examined for the purpose of removing the doubt." 1 Freeman, Judgments, § 45. "To ascertain the meaning of a judgment entry it is always permissible to read it in the light of the entire record." Burke v. Unique Printing Co. 63 Neb. 264, 88 N. W. 488. If, instead of isolating the injunctional clauses referred to, the whole sentence wherein they are found is read and a reasonable interpretation be given thereto, we think there is no difficulty in arriving at the same meaning arrived at by the trial court. This was in substance that the injunctional part of the judgment was intended to restore permanently to the appellants possession of their lands, insofar as there had been an encroachment or taking by means of the waters held back or impeded by the old Chengwatonna dam, and that neither by that dam, nor by any other dam or means, should respondent thereafter interfere with the natural flow of the water past the abutting lands of appellants, or be permitted to flood the same to any extent. And if we desire confirmation we have but to examine the pleadings and findings. The only object of the action on the part of the plaintiff and allied interveners was to remove the waters cast upon their lands by the maintenance of the old Chengwatonna dam, and for damages suffered therefor. Appellants had and can have no right in this action to ask more than protection from interference with the natural flow of the water past their premises. It is not to be assumed that appellants sought or obtained abatement of the old dam because of interference with the public right of navigation, for such an action would not lie unless appellants showed special injury in that direction. Viebahn v. Board of Co. Commrs. of Crow Wing County, 96 Minn. 276, 104 N.

W. 1089, 3 L.R.A.(N.S.) 1126. Neither pleadings nor judgment involve such issue. The course of Snake river from the old dam to the outlet into St. Croix river is many miles. It would savor entirely too much of the dog in the manger proposition to enjoin respondent, or any one else, from using the waters of the river for any purpose to which it may be adapted as it passes lands not owned by appellants, when such use in no manner affects the lands of the appellants situated miles above. Suppose Snake river extended in a precipitous course several hundred miles below Cross lake, could it be a reasonable contention that the decree prohibited interference with the current in the river by any dam however small and however remote from appellants' lands? Surely not. Since, as before stated, the pleadings do not allege special injury to appellants from any interference with the navigability of the river, a judgment prohibiting respondent from impeding the flow at every place therein would not be warranted. When a judgment admits of two constructions, "that one will be adopted that is consonant with the judgment that should have been rendered on the facts and the law of the case." 1 Black, Judgments, § 3.

The construction placed on the judgment by the trial court does not contradict the language of any particular clause but harmonizes the whole judgment, especially when read in connection with the pleadings and findings. The material findings as hereinbefore set forth are amply supported by the evidence; and upon these findings respondent was entitled to a dismissal of the contempt proceedings. Therefore no prejudicial error could result to appellants from the order refusing to vacate the dismissal. This view renders unnecessary a consideration of other questions presented.

Order affirmed.