## JOSEPH M. HOFF v. ENA E. HOFF.[1]

May 19, 1916.

Nos. 19,665—(83).

**Decree — change in decree in respect to alimony.**

1. A correction of a decree of divorce so as to more accurately express the decision of the court in respect to the alimony awarded may be made at any time where neither party to the suit nor any third party has, between the entry of the decree and its correction, changed position so as to be prejudiced by the correction.

**Judgment — modification — statutory exception.**

2. Section 7786, G. S. 1913, in excepting a final judgment in an action of divorce from the judgments which the courts may modify or amend is not an inhibition against correcting or amending a decree of divorce.

[1]Reported in 157 N. W. 999.

as to alimony, but only against modifying or vacating the part of such decree which deals with the marriage status of the parties.

**Change in decree proper.**

3. In this case the trial court properly exercised the power to amend and correct the decree.

Defendant moved the district court for Hennepin county to amend the findings of fact, conclusions of law and order for judgment, and modify the judgment and decree by adding to the conclusions of law, on the ground that the addition, through inadvertence and mistake, was omitted from the findings of fact, conclusions of law and order for judgment and from the decree, and that it was the intention of the court to insert the provisions in its findings of fact, conclusions of law, order for judgment and in the judgment and decree. The matter was heard upon affidavits by Steele, J., who granted the motion. From the order granting the motion, plaintiff appealed. Affirmed.

*E. F. Hilton,* for appellant.

*John P. Nash* and *William N. Nash,* for respondent.

HOLT, J.

While a decree of separation from bed and board was in force, plaintiff began this action for divorce charging desertion. Defendant answered, denied the desertion, and by cross-bill set up cruel and inhuman treatment as ground for an absolute divorce from plaintiff. The court found that plaintiff had no cause of action, but that defendant was entitled to the relief she demanded and upon the ground she alleged. As alimony and as support for a minor child of the parties, whose custody and care were awarded to defendant, the decree granted her $500, and plaintiff was adjudged "to continue in force, by prompt payment of the premiums thereon, and until the expiration of the tontine period thereof, certain insurance on his life in the sum of $2,000 (describing the policy), and wherein the defendant herein is the beneficiary therein, and should be continued as such, the foregoing to be in full satisfaction of any amount at this time due the defendant under any former order of this court, and in full settlement and satisfaction of any and all claims of the defendant for the further support of either herself or of her said daughter."

The alimony provision appears to have been made pursuant to an agreement between the parties. The decree was entered August 12, 1912. The policy matured September 5, 1915. In December, 1914, defendant learned from the insurance company that, since there had been no assignment of the policy to her, plaintiff could, if he so desired, require the company to pay the whole amount to him as soon as the premiums had all been paid. In July, 1915, she applied to the court for a modification and amendment of the decree so that the policy as it matured, and the proceeds thereof, should be her property. An order was made granting the application and plaintiff appeals.

Appellant contends: (a) Section 7786, G. S. 1913, excepts decrees of divorce from the judgments which the court may modify or amend; (b) defendant's laches precluded the relief granted; (c) the modification was based on an issue foreign to the application; and (d) there is no evidence to sustain the finding of fact upon which the modification is based.

The contention that the court was without authority to amend, modify or correct the decree in the respect here done cannot be sustained. It is apparent that the exception referred to in section 7786, G. S. 1913, is confined to that part of the decree in a divorce action which deals with the marriage status and does not embrace the parts which relate to the custody of the children or to alimony. It is true enough that while, in respect to the last mentioned subjects, the power to modify or change exists, it is to be exercised cautiously, and, as a rule, only when conditions have changed from what they were at the time the decree was entered, and the change is such as to justify and require a modification. Haskell v. Haskell, 116 Minn. 10, 132 N. W. 1129, and cases there cited. We also agree with appellant that the order of the court cannot be sustained upon the ground that any change in the situation of the parties has occurred which called for a change in the decree. But we do affirm the action of the trial court, upon the ground that the so-called amendment of the decree was nothing more than a rewording thereof so as to make it speak with more accuracy and certainty the judgment which the court plainly intended to render and did render on August 12, 1912, and so that, not only as between the parties themselves, it should be definite, but also that as between them and the insurance company it

should be so clear that the company might safely pay the proceeds of the policy to defendant. Reading that part of the decree above quoted it is manifest that defendant was the beneficiary in the policy "and should be continued as such"; and that the benefit she was to derive from continuing to be such beneficiary was to be received in full satisfaction of all claims of defendant for the further support of herself and daughter, the minor child of the parties. It is thus seen that it was intended that this policy was to be of substantial value to defendant and something to afford support for herself and the invalid child. The inference is not permissible that it was intended that plaintiff might, the day after the decree was entered, assign the policy, or change the beneficiary (if that could be done under the terms of the policy), or three years from the decree, when the policy matured, draw the full amount threof so that it would yield no support whatever to defendant, or at best serve as a slight contingent expectancy. In the light of the pleadings and findings we have no hesitancy in construing the original decree to mean that plaintiff should pay the remaining premiums upon the policy, which was only a little more than three years, and defendant should have all the beneficial interest existing and to accrue therefrom as support. That the decree was not so accurately drawn that its provisions would make it impossible for plaintiff to deprive defendant of the benefit of the policy as intended is, in all charity, to be attributed to a passing lapse of that watchfulness and painstaking care of a client's interests which usually characterizes the counsel who then appeared for defendant but who now represents plaintiff.

Entertaining this view of the meaning of the decree it is unimportant what basis the trial court found for rewording it to better and more clearly express the decision intended, for plaintiff has not been deprived of anything which he was not already in all justice and equity deprived of under the decree as first entered. Neither is it of any consequence that, as plaintiff asserts, there is no evidence to support the additional finding of fact inserted by the court to the effect that the parties agreed at the time of the trial that all the moneys to become due upon the policy should belong to defendant, for that is the meaning we give to the decree as originally rendered. For the same reason little need be said of the alleged laches. The correction of the decree did not change it in spirit

or in substance. Neither plaintiff, nor the insurance company, nor any third party has, in the interim between the entry of the decree and the correction thereof, changed positions so as to be prejudiced by such correction. McClure v. Bruck, 43 Minn. 305, 45 N. W. 438; Nell v. Dayton, 47 Minn. 257, 49 N. W. 981.

Plaintiff cannot rightfully complain of the order and it is affirmed.