## HILMA M. FELTMANN v. ALFRED G. FELTMANN.[1]

January 6, 1933.

No. 29,217.

*John J. Fahey,* for appellant.
*P. W. Morrison* and *Sam G. Anderson,* for respondent.

HOLT, J.

Plaintiff appeals from an order requiring her to join her husband in the execution of a mortgage upon his farm so as to enable him to pay her the money and support awarded by a decree in her action for a limited divorce.

On May 23, 1932, a decree was entered awarding plaintiff a limited divorce on the ground of defendant's cruel and inhuman treatment and giving her the custody of their year-old child. The decree also directed him to pay her $2,000, money she had furnished him,

[1]Reported in 246 N. W. 360.

and support for herself and child in the sum of $360 a year, payable in monthly instalments. The $2,000 and the support money were made liens upon defendant's real estate. On June 6, 1932, defendant moved the court (a judge from another district had tried the case) for an order directing plaintiff to join him in a mortgage on the farm so he could pay the $2,000 and part of the support money which was in default. Defendant supported the motion by his affidavit from which it is made to appear that he had been able to borrow enough to pay the fees he was ordered to pay to his wife's attorney and some of the support money ordered pending suit, but that he was now delinquent as to some of the latter; that the only real estate he has is the 101½-acre farm mentioned in the decree; and that unless he can mortgage that he has no means by which he can meet the payments required by the decree. The court ordered plaintiff to join defendant in executing a $3,000 mortgage from which to satisfy the $2,000 due plaintiff and any accrued support payments, the balance to be used by defendant to pay debts incurred.

The irregular practice here pursued to obtain the relief granted is not to be commended. The case had been tried by one judge, decision rendered, and a decree barely entered, when a motion was made before another judge to compel plaintiff to join in the execution of a mortgage on defendant's land so as to enable him to pay the sums decreed to plaintiff and made liens on his land. Not only was the motion granted, but the court authorized a mortgage in an amount greater than the liens decreed. It is true that the order does not modify the divorce decree, nor does it make any change in the payments or relief awarded plaintiff. But the inchoate interest of plaintiff in defendant's land may be affected by the order. Under the decree she could foreclose her lien for the $2,000 awarded. This might be satisfied from a sale of a part of the land. If so, she would still have a lien on the remainder for the support awarded, which also would be the case if all were sold and defendant redeemed. Some detriment to plaintiff may be seen in this, that defendant would be less likely to redeem from a foreclosure of a

$3,000 mortgage than from the foreclosure of plaintiff's $2,000 lien. So the giving of a mortgage, while not directly or materially modifying the decree, may affect plaintiff's interest in defendant's real estate should she survive him. It is clear that if defendant had upon a proper showing asked the court to open the decree and have it modified by requiring plaintiff to join in a mortgage on his land so as to make it possible for him to make the payments to plaintiff, the court would and could have so done under G. S. 1923 (2 Mason, 1927) § 8613. Martinson v. Martinson, 116 Minn. 128, 133 N. W. 460. Since by the order the relief granted plaintiff by the decree was not diminished or changed, it was not necessary to show that the situation of the parties had become different than it was when the trial occurred. The order only enables defendant to raise the money so that he may pay plaintiff in compliance with the decree.

As stated, defendant did not ask to open the decree and have it modified by the insertion of a provision relative to raising the money needed to pay plaintiff. But plaintiff appeared at the hearing of the order to show cause and did not object to its disposition without opening the decree, and did not object to hearing the matter on affidavits, nor see fit to controvert the affidavit of defendant upon which the order to show cause issued. We therefore conclude that she cannot object to the irregular procedure; and we think the appeal should be disposed of on the merits, thereby saving the parties added expenses and attorney's fees.

We do not overlook the fact that the judge who tried the case found true a paragraph in plaintiff's complaint enumerating and valuing defendant's property and alleging "that plaintiff believes that said defendant is free of all indebtedness." Defendant's verified answer placed the value of the property less than half of what the court found, and he averred that he was indebted on promissory notes in the sum of $5,450. Defendant in the affidavit supporting the order to show cause states that he has borrowed all he can borrow to pay attorney's fees of plaintiff and expenses and is unable to borrow any more. Two thousand dollars is a large sum for a farmer owning only a 100-acre farm to raise, no matter how

well it may be equipped with farming machinery and stock. If he does not own such machinery and stock it would be utterly impossible for him in these times to get his living therefrom, pay the taxes thereon, and provide plaintiff and the child $360 support money a year. It is almost self-evident that he ought to be permitted to mortgage his land so as to be able to discharge it of the large lien plaintiff holds in order to be in a position to take care of the recurring monthly payments of the support money. Plaintiff's as well as the child's interest is bound up in defendant's continued and successful operation of the farm.

However, we think the court went too far in requiring the mortgage to be $3,000. It should be only large enough so that after the expenses incident to obtaining the loan are deducted it pays plaintiff the $2,000 decreed her and any accrued support money.

The case is remanded with direction to modify the order as herein indicated. No statutory costs are to be taxed.

DIBELL and LORING, JJ. (dissenting).

We think there should be a reversal, and we dissent.

STONE, J. (dissenting).

Being unwilling to invite more of the same, I cannot condone the impossible procedure resorted to in this case, by affirming the result, even as modified.