HILMA M. FELTMANN v. ALFRED G. FELTMANN.[1]

October 13, 1933.

No. 29,564.

See 187 Minn. 591, 246 N. W. 360.

*P. W. Morrison,* for appellant.

*John J. Fahey,* for respondent.

PER CURIAM.

The defendant appeals from an order adjudging him in contempt of court for failure to pay money for the support of plaintiff and her minor child.

The facts and prior history of the case are stated in our decision reported in 187 Minn. 591, 246 N. W. 360. A decree had been entered granting plaintiff a limited divorce and awarding to her the custody of the minor child of the parties. The decree further required the defendant to pay to plaintiff the sum of $2,000 in repayment of money plaintiff had furnished him in their farming operations and to pay to her the sum of $30 per month for the support

[1] Reported in 250 N. W. 457.

of herself and the minor child, together with attorney's fees and costs in the case. Shortly thereafter, on a showing by defendant that he was unable to make the payments required unless the plaintiff would join with him in a mortgage on the 101½-acre farm owned and occupied by him, the district court made an order requiring plaintiff to join the defendant in giving such a mortgage for $3,000, to be used in paying to plaintiff the $2,000 and costs and support money. On plaintiff's appeal to this court, the order was modified so that the amount of the mortgage should be [187 Minn. 594] "only large enough so that after the expenses incident to obtaining the loan are deducted it pays plaintiff the $2,000 decreed her and any accrued support money." The district court was directed to so modify its order. The order, as so modified, remains in force. Plaintiff has failed and refused to join in the mortgage. The $2,000 and accrued alimony have not been paid. There has been no material change in defendant's financial situation. This court, on the former appeal, considered that defendant's showing as to inability to make the payments of the $2,000 and accrued support money without giving a mortgage on the farm, joined in by plaintiff, was sufficient to sustain the order as modified. Plaintiff now, after refusing to join in such a mortgage, seeks to have defendant punished for contempt for failing to pay the accrued support money, which she was ordered to assist him to raise by joining in the mortgage. Plaintiff should comply with the order made, as modified, before instituting proceedings for contempt.

The present motion to have the defendant adjudged in contempt is based on all the records and files in the case, and such records are properly here for consideration.

The order appealed from is reversed.