HELEN W. HOLMBERG v. GEORGE C. HOLMBERG.[1]

January 18, 1952.

No. 35,507.

[1]Reported in 51 N. W. (2d) 598.

*Stinchfield, Mackall, Crounse & Moore,* for appellant.

*Fred A. Ossanna* and *Carl K. Lifson,* for respondent.

KNUTSON, JUSTICE.

This case comes to the writer by reassignment.

Plaintiff and defendant were married on September 21, 1945. Both had previously been married.

In an action for divorce brought in June 1948, judgment was entered for plaintiff, the wife. Thereupon, defendant moved the court for an order directing plaintiff to turn over to him $900, which he claimed was his property and which had not been disposed of in the divorce proceedings. No motion was made to amend the findings or the conclusions of law. The court denied the motion, and defendant appeals. No question as to procedure is raised.

It is undisputed that in October 1947 defendant sold his car for $900, which sum was paid to him in cash. Since the money was paid to him on a Saturday, when he was unable to deposit it, plaintiff offered to take care of the cash for him and promised that she would return it. So defendant turned over to her the $900 for safekeeping. It was not returned. Some months later plaintiff brought her action for divorce against defendant.

In an affidavit made in connection with plaintiff's request for temporary alimony, she states:

"* * * Plaintiff has at all times offered to make available to the defendant the sum of $900.00 which he received from the sale

of his automobile and which he placed in the possession of the plaintiff for safekeeping, * * *."

In a motion for amendment of the order granting temporary alimony, defendant asked modification to the effect that the sum of $900 held by plaintiff and belonging to him be used by plaintiff to apply against alimony until the sum of $900 is exhausted. In an affidavit in connection with this motion, plaintiff stated:

"7. That affiant still retains the $900 in currency given her by defendant for safekeeping, * * *. Affiant has retained said $900 in application in part upon the $10,000 which defendant admittedly owes to her in consequence of her expenditures in that amount out of her separate funds during the marriage of the parties."

On July 14, 1948, the parties stipulated that "plaintiff is to retain the $900.00 which she has in her possession, claimed by defendant as his own, pending the outcome of plaintiff's claim against the defendant for the sum of $10,000.00," and the court so ordered. At the trial of the action at the close of plaintiff's case, defendant withdrew his cross bill and answer, and plaintiff was granted a divorce. In a stipulation adjusting financial matters between the parties, which stipulation was signed shortly before the trial, the parties agreed:

"III.

"That the defendant will pay to the plaintiff the sum of five thousand dollars ($5,000.00), but plaintiff will be entitled to no other right, title, interest or distribution in or of defendant's property of any kind or nature." and

"IV.

"That each party does mutually surrender and disclaim all right, title and interest in the property of the other, which surrender and disclaimer shall include any rights of any kind on the part of one party against the estate of the other."

During the negotiations which resulted in the stipulation, nothing was said about the $900 or the $10,000 claim of plaintiff against defendant above referred to.

In its findings of fact, the court found, among other things:

"VI.

"That the plaintiff and defendant have entered into an agreement and stipulation of which the court approved and makes a part of these findings, to-wit:

\* \* \* \* \*

"C. That defendant will pay to the plaintiff upon the entry of judgment herein the sum of five thousand dollars ($5,000.00). That plaintiff is not entitled to any other right, title, interest or distribution in or of defendant's property of any kind or nature.

"D. That the plaintiff and defendant do mutually surrender and disclaim any right, title or interest in the properties of the other, which surrender and disclaimer shall include any rights of any kind on the part of one party against the estate of the other."

The wording of the stipulation, made a part of the findings, is to the effect that plaintiff (see Findings, par. VI[C]) is not entitled to any right in defendant's property of any kind or nature, and that each (*Id.,* par. VI[D]) disclaims any right in the property of the other, including any right of any kind against the estate of the other. The parties prior to the signing of the stipulation agreed that the $900 was the property of defendant and held by plaintiff for safekeeping for defendant—a bailment. The $10,000 claim of plaintiff against defendant was, as it is described, merely a claim and not the property of plaintiff. It is evident, therefore, based on the wording of the stipulation, that if the $900 was the property of defendant the plaintiff had no right in or to it.

It is true that the conclusions of law of the court contain the following paragraph:

"VI.

"That except as herein set forth, neither party shall have any right, title or interest against the other party or against the estate of the other party."

It is equally clear that the court did not intend, by the above provision, to change the stipulation of the parties. In the findings of the court it is unequivocally stated:

## "VI.

"That the plaintiff and defendant have entered into an agreement and stipulation *of which the court approved and makes a part of these findings,* * * *." (Italics supplied.)

The sum of $900 here involved came into the hands of plaintiff as a bailee. It so remained, and, as such, it remained the property of defendant. If, instead of turning over to plaintiff the proceeds of the sale of the automobile for safekeeping, defendant had delivered to plaintiff the automobile itself before it was sold, we do not believe that anyone would contend that plaintiff had a right to keep it under the terms of this stipulation. It should make no difference whether the bailment consists of the automobile or the proceeds from the sale thereof. It was defendant's property in either event and so remained. Plaintiff agreed to accept $5,000 and in turn relinquished all her right, title, or interest in defendant's property *of any kind or nature.* That includes his money, as well as other property. She has received what she bargained for and is entitled to no more.

Reversed.

Magney, Justice (dissenting).

Conclusion of law No. IV reads:

"That the defendant will pay to the plaintiff on the entry of the decree herein the sum of five thousand dollars ($5,000.00), but plaintiff is not entitled to any other right, title, interest or distribution in or of defendant's property of any kind or nature."

And No. VI reads:

"That except as herein set forth, *neither party shall have any right,* title or interest *against the other party* or against the estate of the other party." (Italics supplied.)

Paragraph VI does not follow the wording of the stipulation. It seems to me that what defendant is doing here is asserting a *right* against plaintiff which is contrary to paragraph VI. The judgment of divorce (paragraphs 4 and 6) dated October 4, 1950, follows the wording of the above-quoted paragraphs.

After the judgment had been entered and on November 15, 1950, defendant moved the court for an order directing plaintiff to return and pay to defendant the $900 in currency belonging to him. The court in denying the motion stated that it appeared to the court—

"that under the advisory stipulation of settlement between the parties, introduced into evidence in the trial of the above cause of action, and under the findings of fact, conclusions of law and order for judgment of this court in this cause, and the decree of this court entered in the cause accordingly, the plaintiff is entitled to retain the aforementioned sum of $900 as her own property and that the defendant is not entitled to the return thereof as his property."

It is from this order that defendant appeals.

It must be admitted that in the wording of the stipulation clarity was not attained. The parties agree that during the negotiations which resulted in the stipulation nothing was said about the $10,000 claim which plaintiff had previously asserted against defendant or the $900 involved here. Why these matters were not discussed, and why the $900 item particularly was not specifically excluded from the stipulation is not understandable if either party desired his or her claim to survive the judgment. It is apparent from the wording of the court's order that in its opinion the parties through their stipulation intended to adjust all financial and property matters between them. And there can be no doubt that the court intended to dispose of all such matters by paragraph VI of the conclusions of law.

Defendant asserts that where there is ambiguity in the terms of a decree the court may resort to the record to find the proper meaning; that the record here shows that the court did not make an independent determination of the property rights of the parties, but intended to decree what the parties stipulated; that therefore the meaning of the decree is to be learned from a finding of the intent of the parties. The parties disagree as to what they intended. Plaintiff claims that it was intended that all matters between them be adjusted by the stipulation, while defendant claims that it was

not intended that the $900 item should be covered by the stipulation. In Simons v. Munch, 127 Minn. 266, 269, 149 N. W. 304, 305, we said:

"* * * True it is, that where the language of a judgment or decree is clear and unambiguous, neither the pleadings nor the findings or verdict, nor matters *de hors* the record may be resorted to to change the meaning. It must stand and be enforced as it speaks. But when the meaning is obscure, doubtful or ambiguous, the judgment roll or record may always be examined for the purpose of rendering certain that which may be open for construction or interpretation."

But to say that the record may be resorted to in order to determine the intent of the parties is not to say that the intent of the parties is the intent of the court. Here, the court did not use the terms of the stipulation in its conclusions of law. Where the stipulation states (par. IV) "in the property of the other" party, the conclusions of law (par. VI) says, "any right, * * * against the other party."

It is well to remember that the court is not controlled by the stipulation. It may adopt or reject it as seems to it consistent and proper from the situation of the parties as disclosed by the evidence. The fact that such stipulations are usually adopted by the court does not change the situation. Warren v. Warren, 116 Minn. 458, 133 N. W. 1009; Erickson v. Erickson, 181 Minn. 421, 232 N. W. 793.

If a party believes that the trial court intended to include the terms of the stipulation in the decree and failed to do so by mistake, the remedy is a request to open and have the decree amended. Hoff v. Hoff, 133 Minn. 86, 157 N. W. 999; see, Martinson v. Martinson, 116 Minn. 128, 133 N. W. 460, and Feltmann v. Feltmann, 187 Minn. 591, 246 N. W. 360.

The stipulation between the parties dated July 14, 1948, approved by order of the court on the same date, providing that "plaintiff is to retain the $900 which she has in her possession, * * * pending the outcome of plaintiff's claim against the defendant for the sum of $10,000.00," did introduce into the case the issue of the $900

and left the question open pending final determination of the case. Of this the court, which entered both the order and the decree, must have been fully aware. It can be safely assumed that it intended to settle this issue. The question must be determined by the decree as it stands.

The decree states (par. 6) that neither party shall have any right, title, or interest against the other party. Whatever the parties intended by their stipulation relative to the $900 is immaterial, as the court, by its order denying defendant's motion, indicated its intention and stated that, under the conclusions of law, order for judgment, and the decree entered accordingly, plaintiff is entitled to retain the $900 as her own property and defendant is not entitled to the return thereof as his property. The court itself, by the words it used, has interpreted the language and expressed the intention with which they were used. The language of the decree stands unamended. The subsequent order of the court clearly indicates what the court intended that language to mean. For the reasons above set forth, I respectfully dissent.

MATSON, JUSTICE (dissenting).

I concur in the dissent of Mr. Justice Magney.