MARGARET LILLIAN SCHWERM v.
WILLIAM CARL SCHWERM.

175 N. W. (2d) 427.

February 27, 1970—No. 41886.

*John S. Connolly,* for appellant.

Heard before Knutson, C. J., and Nelson, Murphy, Otis, and Theodore B. Knudson, JJ.

PER CURIAM.

Appeal by defendant from a judgment of the Ramsey County District Court amending a divorce decree, and from an order denying defendant's motion for amended findings or, in the alternative, for a hearing de novo.

The parties were married on March 9, 1961. Following their marriage

they resided and worked in St. Paul, Minnesota. They have a child born in 1963. They purchased a home at 856 Burr Street in St. Paul in March 1964 with a small downpayment, which plaintiff claims she provided.

In February 1966 defendant beat plaintiff so that her face was cut up and she had a black eye. She left him, taking the child with her. She obtained counsel and instituted divorce proceedings March 21, 1966, on the ground of cruel and inhuman treatment. On the same date in the office of her lawyer, defendant, who was without counsel, signed a stipulation enabling plaintiff to proceed by default and setting forth the terms for a divorce in the event a divorce was granted and such terms were adopted and approved by the court. The stipulation granted to plaintiff among other things custody of and support for the child and possession of and exclusive title to the homestead.

It is defendant's contention that in April 1966 the parties resumed cohabitation as husband and wife. Plaintiff claims that at that time defendant was awaiting trial on a charge of burglary. Plaintiff admits that she testified for him at his trial and that they lived at 856 Burr Street after the commencement of the divorce action but denies they lived together as husband and wife. She claims she lived there because of fear produced by threats made to her and a threat that he would destroy her father, "that he would bomb his store just like he did this car over on Carroll or Laurel, whatever it was, the one he was arrested for that time." She admits she visited him numerous times at the State Prison after his conviction on a charge of aggravated robbery and sentence to 20 years' imprisonment. She claims defendant asked her to wait before finalizing the divorce until after he had appeared before the Parole Board in February 1967. She claims this, and lack of money to pay her attorney, caused a delay in proving up the divorce.

On December 27, 1967, the divorce decree was entered awarding the homestead and custody of the child to plaintiff. Defendant claims he learned of the decree by reading an account of it in a newspaper in January 1968. Plaintiff claims she mailed a copy to him at the prison.

Plaintiff filed a motion to compel defendant to comply with the terms of the decree relating to the homestead in November 1968. He thereupon filed a motion to set aside the divorce decree, claiming that plaintiff's conduct after March 1966 constituted condonation, that her action in proceeding with the divorce after the condonation constituted a fraud upon the court, and that the decree should be set aside. She denies condonation on her part, denies the claim of fraud, and claims she kept defendant constantly informed concerning the proceedings.

The doctrine of condonation, as expressed by this court in Mandelin v. Mandelin, 120 Minn. 198, 199, 139 N. W. 152, is as follows:

"It is well settled that continued cohabitation after the commission of a matrimonial offense, with knowledge of the offense, constitutes condonation, and will ordinarily bar an action for divorce by the innocent party. But to operate as such it should appear that the subsequent cohabitation was entirely voluntary, free from restraint, and that thereafter the offending spouse treated the innocent party with conjugal kindness."

See, also, 6A Dunnell, Dig. (3 ed.) § 2782.

The motions herein were heard by the trial court on the deposition of plaintiff and on affidavits. The practice of hearing a motion to open a judgment and to vacate or modify its terms on the basis of affidavits is not commended. Feltmann v. Feltmann, 187 Minn. 591, 246 N. W. 360. But here, as in Feltmann, no objection was made to the practice.

The evidence presented to the trial court was conflicting. It is a well-settled rule in this state that the findings of the trial court will not be disturbed on appeal unless manifestly against the evidence. This has particular application in divorce cases. Conflicts in the evidence must be resolved by the trial court. Albertson v. Albertson, 243 Minn. 212, 215, 67 N. W. (2d) 463, 466. See, also, Georgopolis v. George, 237 Minn. 176, 54 N. W. (2d) 137; and Loth v. Loth, 227 Minn. 387, 35 N. W. (2d) 542, 6 A. L. R. (2d) 176.

The trial court found that any cohabitation by plaintiff with defendant was not voluntary and that the evidence established that she did not engage in sexual relations with her husband after March 21, 1966. We think the evidence, although not strong, reasonably sustains the ruling of the trial court and hence that its decision herein should be affirmed.

Affirmed.